**BURRELL, Appellant,**

v.

**KASSICIEH, Appellee.**

[Cite as *Burrell v. Kassicieh* (1998), 128 Ohio App.3d 226.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–97–54.

Decided June 5, 1998.

*Geoffrey L. Oglesby,* for appellant.

*Bradley S. Warren,* for appellee.

SHAW, Presiding Judge.

Plaintiff-appellant Joel L. Burrell, M.D., appeals from the decision of Court of Common Pleas of Seneca County that rendered judgment in favor of defendant-appellee, Charles B. Kassicieh, M.D.

On April 3, 1997, Burrell filed a complaint alleging assault and battery claims against Kassicieh for an incident that occurred on April 3, 1996. In response, Kassicieh's filed an answer on May 23, 1997. Within this same document, a two-count counterclaim was also asserted, alleging that Burrell's complaint violated the frivolous conduct prohibition within R.C. 2323.51 and Civ.R. 11.

At the time Burrell filed his complaint, he was represented by counsel. However, this representation ended prior to the filing of Kassicieh's answer and counterclaim. In a July 15, 1997 pretrial conference order, Burrell was ordered to obtain legal representation by August 8, 1997, the scheduled pretrial date.

Burrell failed to respond to Kassicieh's counterclaim within the twenty-eight-day time frame. On August 11, 1997, Kassicieh filed a motion requesting a default judgment. Burrell, *pro se,* filed an answer on August 22, 1997. In this

document, he stated that the complaint failed to be filed timely due to errors made by the initial attorney, despite Burrell's attempts to promptly pursue the matter. Burrell also stated that the answer was not timely filed because of difficulties in obtaining subsequent representation. Burrell further responded to Kassicieh's motion by requesting that the court deny an entry of default judgment and permit him to voluntarily dismiss the alleged charges against Kassicieh. Finally, Burrell included an affidavit with these documents.

A hearing on Kassicieh's default motion was held on October 6, 1997. Burrell was present at this hearing, *pro se.* On October 8, 1997, Burrell's claims against Kassicieh were formally dismissed. Regardless, in the October 10, 1997 entry, Kassicieh was awarded his requested default judgment, and, thus, Burrell was found to have engaged in frivolous conduct in violation of Ohio statute and rules. On November 4, 1997, the attorney fees and expenses hearing was held. Both parties were represented by counsel at this hearing, and, in its subsequent judgment entry, the trial court awarded a monetary sanction to Kassicieh.

From this order, Burrell appeals and lists the following assignment of error:

"The trial court erred in awarding attorney fees, pursuant to R.C. 2323.51 and Civ.R. 11, against an individual when the individual did not file the 'pleading' but instead had a licensed attorney file the pleading who later withdrew from representation of the plaintiff."

As an initial issue, we note that Burrell's voluntary dismissal of his claims against Kassicieh did not divest trial court jurisdiction to render a decision on Kassicieh's frivolous conduct counterclaim. As stated in *Lewis v. Celina Fin. Corp.* (1995), 101 Ohio App.3d 464, 470, 655 N.E.2d 1333, 1337:

"While a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction [citation omitted], a hearing on sanctions is considered collateral to the underlying proceedings, and a trial court therefore retains jurisdiction for the limited purpose of applying Civ.R. 11 and R.C. 2323.51. See *Risk Insurers v. Lorenz Equip.* (1994), 69 Ohio St.3d 576, 580, 635 N.E.2d 14, 17–18, citing *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 396–397, 110 S.Ct. 2447, 2456–2457, 110 L.Ed.2d 359, 375–377, (Rule 11 sanctions are collateral to the action and may be considered by the trial court after an action is no longer pending); *Schwartz v. Gen. Acc. Ins. of Am.* (1993), 91 Ohio App.3d 603, 606, 632 N.E.2d 1379, 1381, (trial court does not lose jurisdiction to consider properly filed motions for sanctions pursuant to Civ.R. 11 and R.C. 2323.51 following plaintiff's voluntary dismissal of the complaint under Civ.R. 41). Accordingly, the trial court retained jurisdiction for the limited purpose of considering the appellees' motion for attorney fees as a sanction for engaging in frivolous conduct, as any other result would permit a party to voluntarily dismiss an action to evade an

award of sanctions under Civ.R. 11 or R.C. 2323.51." See, also, *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.* (1995), 100 Ohio App.3d 592, 596, 654 N.E.2d 443, 445–446.

Thus, the trial court possessed jurisdiction to make a determination of Burrell's conduct.

■ Turning to the merits of the listed assignment of error, Burrell challenges the trial court's finding that he engaged in frivolous conduct in violation of Ohio rules and statute. Civ.R. 11 and R.C. 2323.51 address frivolous claims. "A frivolous claim is a claim that is not supported by facts in which the complainant has a good-faith belief, and which is not grounded in any legitimate theory of law or argument for future modification of the law." *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 12, 663 N.E.2d 657, 659.

■ The initial decision of whether a party's conduct is frivolous is a factual determination, particularly if the alleged conduct was intended to harass or maliciously injure. *Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286, 291, 610 N.E.2d 1076, 1078–1079. Because the trial judge has the benefit of observing the course of proceedings and is familiar with the parties and attorneys involved, a reviewing court is obligated to defer to the trial court's findings that one party harassed or injured another. *Id.* at 292, 610 N.E.2d at 1079–1080. On the other hand, a trial court's determination of whether a party has a good-faith argument under the law is a question of law, which an appellate court may competently review. *Lable & Co. v. Flowers* (1995), 104 Ohio App.3d 227, 233, 661 N.E.2d 782, 785–786.

■ In either case, appellate review of a trial court's decision to impose sanctions pursuant to Civ.R. 11 and R.C. 2323.51, and upon whom to impose such sanction, is on an abuse-of-discretion standard. See, *Lewis,* 101 Ohio App.3d at 471, 473, 655 N.E.2d at 1337–1338, 1339. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable and is more than an error in law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141–1142.

The Ohio Civil Rule pertaining to frivolous conduct is Civ.R. 11, which states:

"Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney or pro se party, upon motion of a party or

upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *"

██ This rule has been interpreted as applicable only to the party signing the document. *Lewis,* 101 Ohio App.3d at 472, 655 N.E.2d at 1338–1339; *Riley v. Langer* (1994), 95 Ohio App.3d 151, 162–163, 642 N.E.2d 1, 7–8. Thus, had Burrell's first attorney been the only person signing pleadings, motions, or other papers placed before the court, any court assessment of sanctions upon Burrell might have been in error. However, in the time period Burrell was *pro se,* he placed documents before the court. Accordingly, the provisions of Civ.R. 11 apply to Burrell as much as the rule applies to those attorneys who represented him.

The statutory provision prohibiting frivolous conduct in a civil matter is set forth in R.C. 2323.51(B), which states:

"[T]he court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct."

"Conduct," as defined in R.C. 2323.51(A)(1), includes:

"(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, filing a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action[.]"

Further defined at R.C. 2323.51(A)(2) is "frivolous conduct":

"(a) Conduct * *. * that satisfies any of the following:

"(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

"(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law. * * *"

When a court awards attorney fees pursuant to R.C. 2323.51, a hearing must be held "to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award[.]" R.C. 2323.51(B)(2)(a). R.C. 2323.51(B)(4) provides the trial court discretion to levy any

sanction determined appropriate against "a party, the party's counsel of record, or both."

In this case, two separate hearings were held by the trial court. The first was on Kassicieh's default motion for his frivolous conduct claims against Burrell. As a result of this hearing, Burrell was found to have engaged in frivolous conduct, in violation of Civ.R. 11 and R.C. 2323.51. The second hearing was to determine the applicability of monetary sanctions. After this hearing, the trial court rendered judgment against Burrell, individually, in the amount of $1,092.42, pursuant to R.C. 2323.51(B)(4). This amount represented Kassicieh's reasonable and necessary attorney fees in the defense of this matter. Thus, a hearing comporting with R.C. 2323.51(B)(2) was held, in which the alleged statutory and Civil Rule violations were considered.

When a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385. The procedures for making the transcript, or a suitable alternative, a complete part of the record are contained with App.R. 9. In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 288–289, 680 N.E.2d 1046, 1049–1051; *Logan & Co., Inc. v. Cities of Am., Inc.* (1996), 112 Ohio App.3d 276, 280, 678 N.E.2d 613, 615–616.

Upon a review of the record, we find that transcripts from neither of the hearings, or an acceptable alternative as provided within App.R. 9, were included as a part of this appeal. Accordingly, Burrell is unable to demonstrate prejudicial error within the record. Further, from our review of the record as it exists, the trial court appears to have reached a determination that is consistent with statutory and rule considerations and that raised no doubts regarding the regularity of these proceedings. Moreover, even if the trial court did make some error, Burrell waived any right to this claim by not following the App.R. 9 procedures. *Wells,* 113 Ohio App.3d at 288, 680 N.E.2d at 1049–1050. In sum, Burrell's assignment of error is without merit.

Accordingly, Burrell's assignment of error is overruled, and the judgment of the Court of Common Pleas of Seneca County is affirmed.

*Judgment affirmed.*

Thomas F. Bryant and Evans, JJ., concur.