OPINION
The defendant-appellant, Pamela Sue Ison (formerly Boyd), appeals the judgment of the Union County Court of Common Pleas holding her in contempt of court for filing a false inability affidavit. The appellant also appeals the judgment of the trial court sanctioning her attorney under Civ.R. 11. For the following reasons, we reverse the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. On September 3, 1997, the appellant and Jerry Boyd were divorced. By agreement of the parties, Jerry Boyd was made the residential parent and legal custodian of the parties' three children. On November 9, 1999, the appellant filed a motion for contempt and other relief. The appellant's motion contained three separate branches. Branch 1 asked the court to find Jerry Boyd in contempt for his willful failure and refusal to allow the appellant visitation with the children; Branch 2 sought an award of attorney's fees and the court costs associated with the action; and Branch 3 asked that the court modify its prior order regarding the allocation of parental rights and responsibilities due to a change in circumstances. A hearing on the motion was scheduled for January 24, 2000.
The hearing was held as scheduled and at the commencement, the Magistrate determined that the appellant's motion contained two very different claims, which should each be addressed separately. The Magistrate first heard evidence concerning the appellant's motion for contempt. The testimony of the appellant and her oldest son were presented and then, due to scheduling conflicts, the hearing was continued until February 16, 2000.
At the conclusion of the hearing on January 24, 2000, the parties and their attorneys met and reached an agreement concerning all the pending motions. The agreement addressed the appellant's concerns regarding the communication and visitation between her and the children. The parties also agreed to split the court costs and each pay their own attorneys. At the continuation of the hearing on February 16, the parties attempted to journalize their agreement. The Magistrate accepted a portion of the agreement, however, refused to accept the portion concerning the court costs and attorney's fees. Additionally, the Magistrate concluded that the appellant had filed a false inability affidavit and her attorney had violated Civ.R. 11 by misrepresenting her client's address and filing a frivolous motion to modify the allocation of parental rights and responsibilities.
On February 25, 2000, the appellant filed an objection to the Magistrate's decision. On March 3, 2000, the trial court filed a journal entry overruling the objections and found that "both defendant and her attorney engaged in frivolous conduct by filing a false affidavit of inability to pay costs, and that the sanctions imposed [by the Magistrate] are reasonable." On March 15, 2000, the trial court filed a second journal entry stating the actual findings of the Magistrate and giving the appellant and her attorney fifteen days to pay their fines and sanctions or face contempt of court charges. The appellant now appeals the judgment of the trial court, asserting two assignments of error.
 Assignment of Error No. 1 The trial court erred in holding that that [sic] the defendant had violated "O.R.C. 2323.51(A)(1) and O.R.C. 2323.51(A)(2)(a)(iii) for frivolous conduct in a civil proceeding for filing an "Inability Affidavit" because the factual contentions have no evidentiary support."
 The appellant contends that the trial court erred by imposing sanctions against her when there was no evidence to support the court's conclusion that her Inability Affidavit was false. Furthermore, the appellant contends that the trial court did not follow the procedures set forth in R.C. 2323.51 for assessing sanctions due to frivolous conduct. For the following reasons, we agree with the appellant.
The magistrate concluded that the appellant had engaged in frivolous conduct for filing an "Inability Affidavit because the factual contentions have no evidentiary support; i.e., Defendant stated that she had no funds with which to pay filing fees when in fact Defendant worked two jobs and has funds to support herself." The court then ordered the appellant to pay the $150.00 filing fee because she is not indigent.
After reviewing the record in this matter, this Court fails to find the evidence the Magistrate relied on in reaching the conclusion that the appellant was not indigent. The only testimony regarding the appellant's employment was as follows:
Mr. Jillisky[1]: Are you presently employed?
 Pamela Boyd: Yes.
 Jillisky: Would you please tell the Magistrate what kind of work you do?
 Boyd: I clean offices at night.
 Jillisky: And what are your work hours?
 Boyd: Working hours, Monday through Friday, about four, five hours.
 There was additional testimony concerning a second job the appellant had on the weekends. However, the evidence revealed that her weekend employment ended in October of 1999.
From this limited evidence the Magistrate concluded that the appellant was not indigent. There was no evidence concerning the wages the appellant earned, the duration of her employment, or other information concerning her financial condition. The fact that the appellant is employed 20-25 hours a week does not automatically prove that she is not indigent. The evidence clearly does not support the Magistrate's conclusion that the Inability Affidavit filed by the appellant was false.
Furthermore, the Magistrate stated that she was sanctioning the appellant pursuant to R.C. 2323.51. R.C. 2323.51(B)(2) provides that an award for frivolous conduct may be made only after the court does all of the following:
 (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 (b) Gives notice of the date of the hearing * * * to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 (c) Conducts the hearing * * *, allows the parties and counsel of record involved to present any relevant evidence at the hearing, * * * determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.
 The trial court failed to follow any of the procedures set forth in R.C. 2323.51. The Magistrate, on her own initiative, sanctioned the appellant without any notice of her intention to do so. The parties believed they were attending the continuation of the hearing on the appellant's motion to show cause against her ex-husband, Jerry Boyd. The parties had previously reached an agreement and were asking the court to approve their agreement, which disposed of the matter in its entirety. The Magistrate approved the parties' agreement and then immediately imposed sanctions upon the appellant and her attorney. The Magistrate failed to notify any of the parties of her intentions, failed to hold a hearing, and failed to provide the appellant with an opportunity to present evidence in her defense as required by R.C. 2323.51.
The record in this case clearly does not support the Magistrate's conclusion that the appellant is not indigent and therefore filed a false affidavit. Additionally, the Magistrate failed to follow the proper procedures for imposing sanctions for frivolous conduct. Accordingly, the appellant's first assignment of error is well taken.
 Assignment of Error No. 2 The trial court erred in holding defendant's counsel had violated Civ.R. 11 for filing a frivolous motion and misrepresenting the Defendant's address without a hearing on the Motion to Modify the prior order of the Court concerning the allocation of parental rights and responsibilities or on the Civ.R. 11 violation or even allowing her to respond in her own defense especially where the parties had resolved the issues and agreed to pay their own attorney's fees and equally split court costs.
 In her second assignment of error, the appellant argues that the trial court erred in finding that her counsel had violated Civ.R. 11 for filing a frivolous motion when, on the Magistrate's directive, that motion had yet to be addressed. For the following reasons, we agree.
On November 9, 1999, the appellant filed a motion for contempt and other relief. When the hearing was held on that motion, on January 24, 2000, the Magistrate felt that the motions that had been combined by the appellant were too different to be dealt with simultaneously. The Magistrate stated, "I want you to understand. We have two separate, different, very different motions here. So let's start with the motion to show cause." At the conclusion of the proceedings held on January 24, 2000, the parties and the court were attempting to schedule a time and date to conclude the hearing. The following recitation took place between the attorneys and the Magistrate.
 Jillisky: Your honor, is it my understanding that the court is to ask for a completely separate direct testimony on reallocation of parental rights motion?
 The Court: Yes.
 * * *
 The Court: All right. Then it's the order of this court that this case is continued until February 16th, 2000, at 1:30. We'll finish up the motion to show cause, then we'll go ahead and hear the defendant's motion for reallocation of parental rights and responsibilities.
 At the hearing on February 16, no additional evidence was taken as to either motion as the parties had reached an agreement disposing of all the pending motions. The parties had resolved their disputes concerning the appellant's visitation with her children and had agreed to each pay their own attorney and equally divide the court costs assessed in this matter. The Magistrate accepted the parties' agreement as to the visitation provisions, but found that the motion for reallocation of parental rights had been frivolous and sanctioned the appellant's counsel under Civ.R. 11. Specifically, the Magistrate held that "there were no good grounds to support Branch 3 (motion for reallocation of parental rights) of the defendant's motion."[2]
A frivolous claim is a claim that is not supported by facts in which the complainant has a good-faith belief, and which is not grounded in any legitimate theory of law or argument for future modification of the law. Jones v. Billingham (1995), 105 Ohio App.3d 8,12. The initial decision of whether a party's conduct is frivolous is a factual determination, particularly if the alleged conduct was intended to harass or maliciously injure.Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, citing Ceol v.Zion Indus., Inc. (1992), 81 Ohio App.3d 286, 291. An appellate court reviews a trial court's decision to impose sanctions pursuant to Civ.R. 11, and upon whom to impose such sanctions, under an abuse of discretion standard. Burrell,128 Ohio App.3d at 226. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable and is more than an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
The record of the proceedings conducted by the Magistrate on both January 24 and February 15, clearly show that the Magistrate had bifurcated the appellant's motion. The Magistrate indicated on numerous occasions that there were two separate and different motions before her and insisted that they be addressed individually. While the Magistrate never used the word bifurcation, the record, and specifically the excerpts quoted above, clearly reveal that she intended for the motion to be bifurcated and ordered the attorneys to present their cases accordingly.No evidence was ever heard concerning the motion for reallocation of rights and responsibilities. The parties had reached an agreement on that issue and it was no longer necessary to present evidence to the court.
The trial court correctly stated that under R.C. 3109.04, a court shall not modify a prior decree allocating parental rights and responsibilities unless it finds that there has been a change of circumstances concerning the child or his residential parent and that the modification is necessary to serve the best interest of the child.It is unclear to this Court how the Magistrate came to the conclusion that there was no evidence to support this motion, as the opportunity to present such evidence never arose. The Magistrate had specifically instructed the parties to address the motions separately and to initially limit the evidence to the motion to show cause.
The Magistrate's decision appears to be based on the testimony elicited from the appellant on cross-examination. The Magistrate stated that "defendant has no permanent residence, didn't testify that she was going to obtain a permanent residence, admitted that a hotel room was not a proper place in which to visit with her children, has no telephone . . ., no transportation . . ., and canceled visitation due to her work schedule." The hearing being conducted at the time this testimony was given was a motion to show cause. The appellant felt that her ex-husband had interfered with her visitation rights and was asking the court to hold him in contempt. The appellant and her counsel were specifically instructed not to present evidence concerning the motion for reallocation and they complied with the order of the court. The Magistrate's conclusion that there was no basis for the motion to be brought is completely unsupported by the record.
The Magistrate clearly abused her discretion in this matter. It is unreasonable to declare a motion baseless and frivolous based solely on evidence presented for an entirely different purpose. The appellant was never provided the opportunity to present the evidence she felt supported her contention that there had been a change in circumstances and that a modification would be in the best interest of the children. The necessity for such testimony was alleviated by the agreement reached by the parties, which the Magistrate accepted. Without hearing evidence specifically concerning the reallocation of parental rights, it is impossible for the court to determine that the motion was frivolous. A determination that the appellant would not presently be a suitable custodial parent does not in and of itself make the motion frivolous. We are not saying that the court could not have ultimately determined that this motion was in fact baseless and constituted frivolous conduct. However, at this time, the trial court's imposition of sanctions against the appellant's counsel is unfounded, as per the court's instruction, no evidence was heard concerning the issue. The Magistrate's decision and the trial court's adoption of such was clearly an abuse of discretion. Accordingly, the appellant's second assignment of error is well taken.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
WALTERS and SHAW, JJ., concur.
[1] Mr. Jillisky is the attorney representing the appellant's ex-husband, Jerry Boyd.
[2] The Magistrate also found that the appellant's counsel had engaged in frivolous conduct by supplying the Court with a false address for her client. The record reveals that the address given for the appellant was her parents' address. The appellant testified that she was presently living in a hotel, but occasionally lived with her parents and had always and continues to receive her mail at her parents' residence. While there might have been a little confusion surrounding the appellant's living situation, the contention that the appellant's counsel misrepresented the appellant's address is unfounded and certainly does not rise to the level of frivolous conduct.