DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas which denied appellant's motion for sanctions. Because we conclude that the trial court did not abuse its discretion, we affirm.
Appellant, Samuel B. Morrison, represented a plaintiff in a foreclosure action against appellee, Majid Monazahian. During the pendency of the foreclosure action, appellee filed a defamation complaint against appellant, alleging that he had made defamatory statements in a newspaper article. The trial court granted summary judgment in favor of appellant, ruling that the information disseminated was an accurate statement of public record, i.e. allegations in the foreclosure complaint. Appellant then moved the trial court for sanctions, pursuant to R.C. 2323.51 and Civ.R. 11, requesting an award of damages against appellee. Appellant alleged that appellee's lawsuit was frivolous and malicious. The trial court denied appellant's motion.
Appellant now appeals that decision, claiming that the trial court abused its discretion in denying his motion for sanctions.
R.C. 2323.51, which addresses the potential penalties against a party for committing frivolous conduct in a civil matter, states:
 "[T]he court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct." R.C. 2323.51(B)(1).
A frivolous claim is a claim that is not supported by facts in which the complainant has a good-faith belief, and which is not grounded in any legitimate theory of law or argument for future modification of the law.Jones v. Billingham (1995), 105 Ohio App.3d 8, 12.
Civ.R. 11 provides that the "signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Under Civ.R. 11, a court may also impose sanctions against the signatory on a pleading (an attorney orpro se litigant) who wilfully violates the rule.
Because the trial judge has the benefit of observing the course of the proceedings and is familiar with the parties and attorneys involved, a reviewing court is obligated to defer to the trial court's factual findings, if supported by the record. Burrell v. Kassicieh (1998),128 Ohio App.3d 226, 230. Appellate review of a trial court's ultimate decision to impose sanctions pursuant to R.C. 2323.51, and upon whom to impose such sanctions, is, however, an abuse of discretion standard. Id. Likewise, the imposition of sanctions pursuant to Civ.R. 11 is a matter within the sound discretion of the court. State ex rel. Fant v. Sykes
(1987), 29 Ohio St.3d 65. An abuse of discretion implies that a trial court's decision is unreasonable, arbitrary, or unconscionable and is more than an error in law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In this case, nothing in the record indicates that appellee's defamation suit was instituted frivolously or without a good-faith belief in legitimate legal grounds. Therefore, we cannot say that the trial court abused its discretion in its denial of appellant's motion for sanctions.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.