OPINION
Appellants, Michael and Elizabeth Crawford, appeal the August 16, 2001 judgment entry of the Court of Common Pleas of Allen County, Ohio, finding that they were maintaining a nuisance and ordering that such nuisance be abated.
On March 13, 2000, the appellee, the Board of Trustees of Sugar Creek Township of Allen County, Ohio (hereinafter "the Board"), filed a complaint against Michael and Elizabeth Crawford (hereinafter "the Crawfords") in the Common Pleas Court of Allen County, Ohio. The complaint alleged, inter alia, that the Crawfords had created and maintained a public nuisance by surrounding their property, located in Sugar Creek Township, with various pieces of equipment, such as lawnmowers, rototillers, motorcycles, and scrap metal. The complaint further alleged that Mr. Crawford operated a front loader at all hours of the day and night, disturbing his neighbors. In addition, the Board alleged that the Crawfords were given notice to abate and at one point agreed to store all equipment and merchandise in a building rather than out in the open but failed to do so. The Board then requested a permanent injunction of these activities in its prayer for relief. The Crawfords, who were represented by counsel at the time, denied these allegations in their answer to the complaint.
After several delays in this matter, including the withdrawal of counsel for the Crawfords, the case proceeded to a bench trial. On August 16, 2001, the trial court issued its decision by way of a filed judgment entry. The court found that the Board had shown by clear and convincing evidence that the Crawfords were maintaining a nuisance with the potential for real and permanent injury to the public. In addition, the court found that such nuisance had the potential to diminish the value of others' land. Thus, the trial court ordered that the nuisance be permanently abated within ninety days. The trial court provided the Crawfords with two options for abating the nuisance: either (1) remove all of these items from their property[1] or (2) store the items in a secure enclosed building. This appeal followed, and the Crawfords, pro se, now assert seven assignments of error.
 I. The Trial Court (Allen County Common Pleas Court) errored (sic) by not allowing exhibits based on some fact that — photo copied documents were not allowed by law. — "Photostatic Copies of the Originals" —
 II. The Trial Court (Allen County Common Pleas Court) errored (sic) by releasing the Crawford's pre-paid for/Attorney: William F. Kluge from his legal duties to the case and his clients. After this attorney, had set into motion certain Requests that were "Not" the wishes of his client's (sic).
 III. The Trial Court (Allen County Common Pleas Court) errored (sic) by not protecting the Crawfords from un-due (sic) and un-fair (sic) malice by the court system and their neighbors. The Crawfords (sic) constitutional rights were violated. The 1st and 5th Amendments were not protected.
 IV. The Trial Court (Allen County Common Pleas Court) errored (sic) by continuing the case against the Crawfords, inspite (sic) of the Crawfords (sic) request to dismiss the case, based on their handicapped situation of "No" Attorney AND that we were un-aware (sic) of what our attorney had filed, and that he would not talked (sic) with his clients, — "reference this case." (Example: We the Defendant wanted a jury trial/the attorney William F. Kluge filed for "NO" jury trial, quit the case AND never notified the Crawfords — nor did the court notify the Crawfords.) *Request for dismissal was denied. —
 V. The Trial Court (Allen County Common Pleas Court) errored (sic) by attempting to regulate personal property owned by the Crawfords. There appears to be "NO" Ohio Statutes regulating the items listed on the Judgement (sic).
 VI. The Trial Court (Allen County Common Pleas Court) errored (sic) by not taking into consideration that/their judgement (sic) may cause unintentional harm to other occupants (The Crawfords (sic) Children) who live, use, enjoy, care-for, the property and personal items involved in the courts (sic) judgement (sic), for many years. — The courts (sic) judgement (sic) does not include just compansation (sic) for the harm and loss of the items, in the courts (sic) judgement (sic). — "For the Victims"
 VII. The Trial Court (Allen County Common Pleas Court) errored (sic) by allowing prosecution's evidence that was collected durning (sic) course of case — "Evidence" prior to case dates should have been limited to case based on offense and violation dates. —
We begin our analysis of this appeal by noting that although some of these assignments of error pertain to alleged errors committed by the lower court during the trial, the Crawfords have not provided this Court with the transcript of the bench trial conducted in the lower court, nor any part thereof. In addition, the questions contained in the Crawfords' reply brief all involve factual issues that apparently arose during the trial of this matter. Both the Ohio Supreme Court and this Court have noted that "[w]hen a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript." Burrell v. Kassicieh (1998),128 Ohio App.3d 226, 232 (citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199). The Rules of Appellate Procedure, specifically App.R. 9, provide the procedure for making the transcript a part of the record. This Rule also provides alternatives when a transcript is unavailable. See App.R. 9(C), (D). Thus, this Court "must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision" in the absence of a complete and adequate record. Burrell, supra (citations omitted).
The record is devoid of any transcript from the bench trial, or an acceptable alternative as provided in App.R. 9(C), (D), being filed as a part of this appeal. By failing to provide this court with the transcript for review, the Crawfords have not met their burden of affirmatively demonstrating the claimed error. Moreover, this Court cannot give any type of meaningful review to the actions and findings of the lower court during the trial when we have no evidence of what occurred at trial. Therefore, we must find that the trial court properly decided the issues before it and affirm that court's decision.
In addition to their failure to comply with App.R. 9, the Crawfords have also failed to comply with App.R. 16(A)(7), which requires an appellant to set forth his or her contentions "with respect to each assignment of error presented for review and the reasons in support[.]" An appellant must also cite to appropriate authority and to the relevant portions of the record, which demonstrate error on the part of the trial court. App.R. 16(A)(7). In furtherance of this Rule, App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief as required under App.R. 16(A)." Thus, this Court has the discretion to disregard an assignment of error not argued in the brief. See Hawley v. Ritley (1988), 35 Ohio St.3d 157,159.
The only support for the assignments of error made by the Crawfords is the following, contained in the argument portion of their brief to this Court: "We the Defendants had equal rights under the law — and the prior court decision we feel did not address our constitutional and legal issues that should have protected my family, livelyhood (sic), property,and rights!" The Crawfords' conclusion section of their brief to this Court includes the following statements: "We feel, we are not guilty and deserved a fair trial. And, we had no — chance of success to prove our innocense (sic) in this case! — We need this Court's help!" These few statements, coupled with the questions posed by them in their reply brief, constitute the entirety of the Crawfords' argument for reversal. Additionally, their Table of Authorities lists the United States Constitution, specifically the 1st, 5th, 6th, and 7th Amendments; the "Ohio State Statues (sic)/Laws", specifically R.C. §§ 519.19,713.15, 1002, 1003, 1004, 2317.40, and 2317.41; the Ohio Constitution; Laws of Common Sense/Fairness; and Laws of "Non-Conforming Use", but these "authorities" are not cited anywhere else in their brief to this Court.
The broad and general statements contained in the Crawfords' brief and the questions posed to this Court in their reply brief are of little benefit as they do not indicate how the trial court erred. Moreover, the mere listing of "authority" upon which the Crawfords apparently rely, without being further mentioned or discussed, does not demonstrate to this Court how the law applies to the facts of this case.
Based upon the foregoing, and in particular the absence of a complete and adequate record, the assignments of error are all overruled. It is the order of this Court that the judgment of the Common Pleas Court of Allen County, Ohio, is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.
[1] The trial court specifically permitted the Crawfords to keep any motor vehicles regularly used by them for personal and/or business purposes on their property.