OPINION
{¶ 1} The defendant-appellant, Robert Rager, appeals from the judgment of the Auglaize County Court of Common Pleas, Criminal Division, ordering him to pay restitution in the amount of $5,014.
 {¶ 2} Rager had been convicted and was sentenced on March 21, 2001 for two counts of vehicular assault in violation of R.C. 2903.08(A)(2), felonies of the fourth degree, and one count of OMVI in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree. As part of the sentence, Rager was ordered to pay restitution in the amount of $5,014, a fine of $250, and court costs. The order of restitution was for damages suffered by Kevin McMurray, a passenger in the car driven by Rager at the time of the offense.
 {¶ 3} On December 30, 2002, Rager filed a motion for reduction of restitution. In support of his motion, Rager indicated to the court that his insurance provider had paid McMurray the sum of $4,166.66 and requested that this sum be credited against the amount of restitution originally ordered by the trial court. The trial court denied Rager's motion.
¶ 4 It is from this decision that Rager appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I
The lower court erred in not allowing credit for payment by defendant-appellant's insurance carrier paid to the victim as part of the restitution of that victim.
 {¶ 5} R.C. 2929.18(A) governs a sentencing court's authority to order restitution. This section provides that a trial court imposing a sentence for a felony conviction may sentence the offender to any financial sanction or combination of financial sanctions authorized by law.
 {¶ 6} R.C. 2929.18(A)(1) permits a trial court to order an offender to pay restitution to the victim of the offender's crime "in an amount based on the victim's economic loss." Emphasis added. "Economic loss" is defined in R.C. 2929.01(M) as: any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the felony.
 {¶ 7} The trial court, in its March 21, 2001 journal entry, as one of many community control sanctions imposed on Rager, ordered that "[t]he [d]efendant shall pay [r]estitution in the amount of $5,014.00 * * * ." Thereafter, approximately one year and nine months after sentencing, Rager filed a motion with the trial court requesting a reduction of restitution on the basis that McMurray, the victim of the crime, had since received $4,166.66 from Rager's insurance provider, Cincinnati Equitable Insurance Company. Rager asserted that the $4,166.66 was paid as "restitution" to be applied toward McMurray's economic losses and, therefore, the amount of restitution Rager had been ordered to pay should be reduced by that amount.
 {¶ 8} The trial court denied the appellant's motion and stated, in its journal entry, that "[t]he Court ordered the defendant to pay restitution to Kevin McMurray in the sum of $5,014 for his medical expenses and loss of wages as part of the [c]ourt's sentence." The trial court continued: [t]he amounts McMurray received from Rager's insurancepolicy are not sufficient to cover all of McMurray's expenses, and thatpayment was for pain and suffering and other damages over and above whatthis Court's Order of restitution. The Court finds that payments toMcMurray for pain and suffering and future damages from Rager's insurershould not be credited against this Court's Order of restitution.[1]
 {¶ 9} Stated differently, the trial court ordered $5,014 in restitution to compensate McMurray for his "economic loss," i.e., medical expenses and loss of wages, permitted by R.C. 2929.18(A)(1), and the trial court found that the $4,166.66 paid to McMurray by Rager's insurer was for McMurray's "pain and suffering and future damages," rather than economic loss. Because the $4,166.66 paid by Rager's insurer was for non-economic losses suffered by McMurray, the trial court concluded that the insurance payment should not be setoff against the $5,014 restitution order for McMurray's "economic losses."
 {¶ 10} Rager, however, relies on State v. Martin (2000),140 Ohio App.3d 326, for the proposition that Ohio's restitution laws do not allow victims to receive double recovery for their losses. In Martin, the victim suffered property damage resulting from a criminal offense committed by the defendant. The trial court ordered the defendant to pay restitution in the amount of $9,800 to cover the victims "economic loss." The victim was later compensated for his loss when his own insurance provider settled his claim for $9,800. The Fourth District Court of Appeals went on to hold that because the victim had been fairly compensated by his insurance carrier, he did not suffer any "economic detriment," and therefore, the defendant could not "properly be ordered to pay restitution to the victim, since it would result in an economic windfall." Martin, supra at 327.
 {¶ 11} This case, however, is distinguishable from Martin. Martin held that where a victim receives an insurance payment and an award of restitution, and both are based upon the same damages, the victim may not recover both. Id. at 326-327. In such a situation, restitution must be reduced by the amount of insurance payments received by the victim because the insurance payments arose from the same damages underlying the restitution. In Martin, non-economic damages such as pain and suffering were not in issue as the victim sought recovery only for the property damage caused by the defendant. Here the trial court made specific findings in its judgment entry that the damages for which the insurance payment was received were different from those that the restitution order was based upon.
 {¶ 12} Specifically, the trial court found the payment McMurray received from Rager's insurance, "was for pain and suffering and other damages over and above what this Court's Order of restitution was for." Emphasis added. Thus, there has been no showing in the case before us of a double recovery by McMurray. All that the record before us demonstrates is that McMurray was merely receiving compensation for two different types of damages from two different sources.
 {¶ 13} Additionally we note that Rager has failed to provide this court with the trial transcript. Both this court and the Ohio Supreme Court have noted that "[w]hen a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript."[2] In the absence of a complete record the appellate court will "presume the regularity of the trial court proceedings."[3] Therefore, a reviewing court may not summarily reject the trial court's findings, and these findings must be reviewed in the light of a presumption that they were properly reached. Because Rager has failed to provide this court with the trial transcript, we must presume to be proper the trial court's finding that the insurance proceeds went toward separate, non-economic damages for pain and suffering and future damages.
 {¶ 14} Because the restitution and insurance were based upon separate and distinct damages, Rager's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II
The lower court erred in its finding that there are additional damages due Kevin McMurray, all of which were outside the scope 2929.18(A)(1) which is limited to economic losses defined in Ohio Revised Code2929.01(M).
 {¶ 15} Rager's second assignment of error appears to be based upon an erroneous reading of the trial court's judgment entry and is without merit. Rager first claims the trial court incorrectly considered damages outside of the scope of R.C. 2929.18(A)(1), and then repeats the assertion that the trial court had no evidence before it to make the finding that it did. In particular, he cites the trial court's findings that the insurance payment to McMurray was based upon future damages and pain and suffering.
 {¶ 16} Although this court has previously held that R.C. 2929.18
does not operate to limit the types of damages that a trial court may include in a restitution order,[4] the trial court in the case before us limited its restitution order to economic losses, i.e., medical expenses and lost wages of the victim. It was not error for the court to recite other non-economic damages the victim may have suffered that were not part of the restitution order to illustrate the differing nature of damages for which the insurance company made payment.
 {¶ 17} Because there is no transcript from the criminal proceedings or any other evidentiary hearing before us, we must presume for purposes of this appeal the correctness of the trial court's finding that there were additional damages suffered by McMurray in addition to the economic damages which were the subject of the restitution order.
 {¶ 18} Accordingly, Rager's second assignment of error is overruled as well.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, J.J., concur.
[1] Emphasis added.
[2] State v. Wells, 3rd Dist. No. 13-02-17, 2002-Ohio-5318, at ¶ 5, quoting Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 232; Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
[3] State v. Pringle, 3rd Dist. No. 2-03-12, 2003-Ohio-4235, at ¶ 10, citing Sugar Creek Tp. Bd. of Trustees v. Crawford (Apr. 19, 2002), 3rd Dist. No. 1-01-130, unreported, quoting Burrell,128 Ohio App.3d at 232.
[4] State v. Bonanno, 3rd Dist. No. 1-02-21, 2002-Ohio-4005.