OPINION
{¶ 1} Defendant-appellant, Aaron Dwayne Flatinger, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion for sanctions pursuant to R.C.2323.51. For the following reason, we affirm that judgment.
 {¶ 2} On June 19, 2001, plaintiff-appellee, Angela Dawn Flatinger, filed a complaint for divorce. In a custody affidavit filed with her complaint, appellee indicated that she had not lived in Ohio for six months. On August 3, 2001, appellant filed his answer to appellee's complaint with a motion to dismiss for lack of subject matter jurisdiction. Appellant pointed out that R.C. 3105.03 required that, in actions for divorce and annulment, appellee must have been a resident of Ohio for at least six months immediately prior to filing the complaint. On August 10, 2001, appellant filed a motion to impose sanctions on appellee, or her counsel, or both, for frivolous conduct pursuant to R.C.2323.51. Appellant contended that the filing of appellee's complaint and the refusal to dismiss the complaint, when she and her counsel knew that she had not resided in Ohio for six months, amounted to frivolous conduct.
 {¶ 3} On December 7, 2001, the trial court dismissed appellee's complaint due to a lack of subject matter jurisdiction. The trial court also dismissed appellant's motion for sanctions, reasoning that the court's lack of subject matter jurisdiction over the underlying divorce action precluded it from exercising jurisdiction over appellant's motion for sanctions. Although appellee did not appeal the dismissal of her complaint for divorce, appellant appealed the trial court's dismissal of his motion for sanctions. This court reversed that dismissal, concluding that the trial court did have authority to entertain appellant's motion for sanctions. Flatinger v. Flatinger, Franklin App. No. 01AP-1481, 2002-Ohio-3781, at ¶ 7. We remanded the matter for proceedings consistent with that opinion.
 {¶ 4} On remand, the trial court held a hearing over three days on appellant's motion for sanctions. After that hearing, the trial court denied appellant's motion for sanctions. The trial court concluded that appellee's conduct was not frivolous but, rather, was supported by the law or a good faith argument for the extension, modification, or reversal of existing law. The trial court also concluded that appellant did not establish that he was adversely affected by appellee's allegedly frivolous conduct. Appellant has not provided this court with a transcript of the sanctions hearing.
 {¶ 5} Appellant appeals, assigning the following assignments of error:
1. The trial court committed reversible error in finding that the Appellee and her counsel did not commit frivolous conduct.
2. The trial court committed reversible error in finding that the amount of sanctions had not been shown.
 {¶ 6} This court reviews a trial court's decision regarding the imposition of R.C. 2323.51 sanctions under an abuse of discretion standard. Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 230. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} In the case at bar, this court is unable to review appellant's assignments of error because he has not provided a transcript of the sanctions hearing below. See 513 East Rich Street Co. v.McGreevy, Franklin App. No. 02AP-1207, 2003-Ohio-2487, at ¶ 12. When a party seeks to appeal a judgment, that party bears the burden of demonstrating error by reference to the record of the proceedings below, and it is that party's duty to provide this court with a transcript of the proceedings below. Id., citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id., quoting Knapp, supra. Because appellant has not provided this court with a transcript of the hearing on his motion for sanctions, we must presume the validity of the trial court's proceedings and affirm. Id.; Burrell, at 232. Appellant's first and second assignments of error are overruled.
 {¶ 8} Having overruled appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
LAZARUS and WATSON, JJ., concur.