OPINION
{¶ 1} Appellant Daniel T. Hartley ("Hartley") appeals the sanction of continued community control ordered by the Court of Common Pleas of Seneca County in its July 18, 2003 Judgment Entry of Sentence.
 {¶ 2} Hartley was convicted on December 28, 2001 of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree; safecracking, in violation of R.C. 2911.31(A), a felony of the fourth degree; and receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree. Hartley was sentenced on the same day to a stated prison term of one year for the charge of burglary, six months for the charge of safecracking and six months for the charge of receiving stolen property, to be served concurrently. Hartley was also ordered to pay $24,303.34 in restitution to the victim in the case.
 {¶ 3} Hartley was granted judicial release on September 25, 2002, at which time his sentence was modified to five years of community control with specific sanctions and conditions, including the payment of restitution to the victim. In March of 2003, a Notification of Alleged Community Control Violations was filed against Hartley for three separate violations. The first violation alleged Hartley participated in breaking into a residence and provided minors with marijuana. The second violation alleged Hartley failed to report to his supervising officer as ordered. The third violation alleged Hartley failed to make restitution payments. On March 19, 2003, the court found probable cause in the matter and bond was set. Hartley was placed in the Seneca County Jail and remained there until he was sentenced on July 16, 2003.
 {¶ 4} At Hartley's hearing for his violation of community control on May 16, 2003, the first alleged violation was dismissed and Hartley admitted that he violated the terms of his community control by failing to report to his supervising officer and failing to make restitution payments. The trial court found Hartley in violation of his community control sanctions and a sentencing hearing was scheduled for July 16, 2003.
 {¶ 5} While Hartley claims that he objected at the sentencing hearing to the trial court continuing his community control sanctions after he had already served the entire one year sentence of imprisonment which constituted his original sentence by the trial court, the transcript of the sentencing hearing was not made part of the record for our review. Despite these alleged objections, the trial court continued Hartley's community control and imposed additional specific sanctions and conditions that included having no contact with the victim and payment of the balance of restitution due to the victim. The trial court journalized the conditions in its July 18, 2003 Judgment Entry of Sentence.[1] It is from this judgment that Hartley now appeals asserting one assignment of error.
The trial court reversibly erred by continuing thedefendant-appellant on the sanctions of community control, afterthe defendant-appellant had served his entire sentence of prisonincarceration, thereby violating O.R.C. § 2929.14(A)(3), (4) andO.R.C. § 2929.15(A), (B), and also violating the double jeopardyclause of the Fifth Amendment to the United States Constitution,applicable to the states through the due process clause of theFourteenth Amendment.
 {¶ 6} The record of the case before us consists solely of documents and judgment entries of the trial court. The only concession to filing a record of the proceedings below is the stipulation of counsel contained in the September 22, 2003 Judgment Entry by the trial judge. The parties entered into a stipulation for purposes of appeal, agreeing that Hartley has served "not less than one (1) year of incarceration, comprised of state prison and county jail days, directly applicable to this case." Sept. 22, 2003 Judgment Entry.
 {¶ 7} Based on the content of the stipulation, Hartley argues that the amount of time served is not an issue in this case. Hartley proposes that the only issue for this court to consider is whether it was proper for the trial court to continue community control after Hartley had served an entire one year of imprisonment. Hartley argues that the trial court abused its discretion and violated his constitutional rights by continuing to supervise him under community control sanctions after his aggregate one year sentence of imprisonment had been served.
 {¶ 8} The question of whether Hartley serving a full one year of incarceration fulfills Hartley's original sentence of an aggregate one year term of incarceration, thereby depriving the trial court of jurisdiction to continue Hartley on community control sanctions, cannot be answered given the information in the record before this court. The September 22, 2003 stipulation by the parties and the several judgment entries by the court do not provide information as to why Hartley was held in jail from March 19, 2003 until July 16, 2003 or why Hartley's hearing for the violation of community control conditions was delayed. The record before this court is also devoid of information as to whether there were other matters in which Hartley was being investigated and what transpired with regard to these matters and why Hartley was held on bond pending the hearing for violation of community control conditions. The answers to all of these questions may affect the determination of whether incarceration time was accruing toward Hartley's original term of imprisonment while he was confined to the Seneca County Jail.
 {¶ 9} In effect, Hartley is asking this court to make the declaration that any time Hartley spent in jail, for any reason, which was served while Hartley was under sentence to a fixed term in prison counts toward completion of the prison term. We do not have before us the information that might answer the ancillary questions that come to mind and affect the decision of the question posed by Hartley. We are unable to determine from the record why the trial court entered the orders that it entered or why the court denied Hartley's request for satisfaction of sentence and denied Hartley's objections to continued community control sanctions and conditions.
 {¶ 10} When seeking an appeal of a judgment, "the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript."Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 232,714 N.E.2d 442, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. App.R. 9 provides the procedures to be used in making a transcript, or suitable alternative, a complete part of the record. "In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision."Burrell, 128 Ohio App.3d at 232, citing Wells v. SpiritFabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289,680 N.E.2d 1046.
 {¶ 11} Therefore, on the record presented to this court, without more, we must presume the regularity of the proceeding from which appeal is taken since error is not apparent from the matter presented. We conclude that we do not have before us any information that might answer the ancillary questions presented by this case and affect the decision. Accordingly, we overrule Hartley's assignment of error and affirm the judgment of the Court of Common Pleas of Seneca County.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.
[1] In the judgment entry of sentence dated July 18, 2003, the trial court found "that the defendant was granted judicial release on September 25, 2002 and the defendant's sentence was modified to three (3) years community control with specific sanctions and conditions." July 18, 2003 Judgment Entry of Sentence, p. 2. The trial court continued Hartley's community control. However, the September 25, 2002 judgment entry states: "It is therefore ordered that defendant's sentence is modified to five (5) years of community control . . ." September 25, 2002 Judgment Entry, p. 1-2. Neither party points to the error of the July 18, 2003 judgment entry in his brief; in fact, the period of community control is treated as if for a duration of five years. Regardless, the length of the period of community control is not relevant to the dispositive issue in the case.