OPINION
{¶ 1} The defendant-appellant, Bo-Ka Flower Gift Shop ("Bo-Ka"), appeals the February 14, 2004 judgment of the Municipal Court of Findlay, Ohio, finding in favor of the plaintiff-appellee, Meghan Anderson, and awarding her $1,256.50.
 {¶ 2} The facts of this case are as follows. Anderson entered into a contract with Bo-Ka, whereby it would supply the flowers for Anderson's wedding ceremony and reception. Don Johnston, who was the arrangement designer and manager of Bo-Ka's store, handled Anderson's wedding. In their discussions, Anderson provided Johnston with an elaborate scrapbook highlighting the types of flowers she wanted. Initially, she requested purple lilacs for her wedding but soon discovered that these would be impossible to obtain due to weather conditions and the growing season. Mr. Johnston suggested that they use artificial lilacs instead, and Anderson agreed upon the condition that they would be supplemented with real flowers and that the flowers would be purple. Both parties came to an understanding that the main flower at the wedding would be a purple hydrangea accented with a purplish-pink rose.
 {¶ 3} On the day of the wedding, Johnston and several other employees of Bo-Ka delivered the flowers and spent approximately 45-60 minutes setting up. After they left, Johnston was contacted and asked to return to the wedding site and replace a few flowers that appeared brown and wilted. Johnston returned as requested and no further attempts to contact him were made that day. Appellee never saw her bouquet or her bridesmaids' bouquets until fifteen minutes before the ceremony, at which time she realized that the flowers were not the correct color. In addition, throughout the course of the evening, Anderson's wedding bouquet fell apart. As a result, Anderson contacted Bo-Ka when she returned from her honeymoon and informed the employees of her dissatisfaction with the flowers the store provided for her wedding.
 {¶ 4} On November 2, 2001, Anderson filed a complaint in the Findlay Municipal Court, alleging breach of contract, breach of the implied warranty of fitness, and breach of the implied warranty of marketability. The matter proceeded to a bench trial on February 10, 2003, with both parties providing evidence and testimony on their behalf. At the conclusion of the evidence, the trial court found for Anderson on the issue of breach of the implied warranty of fitness and awarded $1,256.50 plus 10% interest for the value of the wedding party's bouquets. The trial court found against Anderson and in favor of Bo-Ka on the remaining claims of the complaint. This appeal followed, and Bo-Ka now asserts one assignment of error.
The Trial Court erred in finding that Appellee was due damagesin this matter because Appellee failed to present any evidence ofsaid damages at trial.
 {¶ 5} Initially, we note that no trial transcript was provided to this Court by Bo-Ka, the appellant. Both the Ohio Supreme Court and this Court have noted that "when a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript." Burrell v. Kassicieh (1998), 128 Ohio App.3d 226,232, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Further, the Rules of Appellate Procedure, specifically App.R. 9(B), state in pertinent part: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Moreover, App.R.9(C) and (D) provide alternatives when a transcript is unavailable. Thus, we "must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision" in the absence of a complete and adequate record. Burrell, 128 Ohio App.3d at 232.
 {¶ 6} In this case, Bo-Ka maintains that the trial court did not have the appropriate evidence to support its damage award because there was not an itemized list outlining the cost of the flowers in the record. In essence, Bo-Ka is contending that the damage award was unsupported by or contrary to the weight of the evidence. However, Bo-Ka did not provide a transcript of the trial proceedings, which is necessary in order for it to satisfy its burden of demonstrating error particularly in light of the fact that the judgment at issue in this case referenced photographs, eye witness testimony, and expert testimony. Without this transcript, we must presume that there was adequate and appropriate evidence to support the trial court's decision. Therefore, the assignment of error is overruled, and the judgment of the Findlay Municipal Court is affirmed.
Judgment affirmed.
Cupp and Rogers, JJ., concur.