OPINION
{¶ 1} Defendant-appellant, Mary Ruckman, appeals from a judgment of the Franklin County Municipal Court, Environmental Division, finding appellant in violation of a provision of the City of Whitehall's, plaintiff-appellee's, property maintenance code.
 {¶ 2} On June 10, 2004, appellant was charged with three violations of the city's property maintenance code, including a code provision requiring property owners to keep their property free of accumulation of rubbish or garbage. On January 20, 2006, the trial court filed a sentencing entry, reflecting that appellant had entered a no contest plea to the charge of accumulation of rubbish or garbage. The court found appellant guilty of that charge, and dismissed the remaining two charges.
 {¶ 3} On appeal, appellant sets forth the following assignment of error for review:
THE TRIAL COURT ERRED BY A FINDING OF GUILT WITHOUT DUE PROCESS FOR THE PLAINTIFF; WITHOUT OBTAINING OBJECTIVE EVIDENCE.
 {¶ 4} In her pro se appellate brief, appellant argues generally that the trial court found her guilty of violating the city code without affording her due process. Appellant first contends that "notice of code violations were not given to [her] in a lawful manner." Appellant appears to be challenging notices she received prior to the charges filed on June 10, 2004, as she claims having experienced "unlawful methods and hardships" from city personnel "for some time," including the use of a search warrant in 2003, which appellant contends was obtained through "slanderous accusations." Appellant, however, references matters that are not part of the record, and there is no indication that the trial court's finding of guilt regarding the June 2004 violation, at issue in the present case, was based upon evidence obtained by an illegal search warrant.
 {¶ 5} Appellant next contends that she was not provided the opportunity to be heard, asserting generally that the trial court did not allow "any testimony" from her, and that she was not permitted to discuss evidence with the court. Appellant purports to quote comments directed at her by the trial court and city code officials at various proceedings. Appellant, however, has failed to provide either a transcript of the proceedings or, alternatively, an App.R. 9(C) statement of the evidence. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, a reviewing court has nothing to pass upon, and the court "must presume the validity of the trial court's proceedings and affirm." Flatinger v. Flatinger,
Franklin App. No. 03AP-663, 2004-Ohio-130, at ¶ 7.
 {¶ 6} Further, to the extent appellant may be challenging the guilty finding as against the weight or sufficiency of the evidence, in the absence of a complete and adequate record, we "must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." Burrell v. Kassicieh (1998), 128 Ohio App.3d 226,232.
 {¶ 7} Appellant also asserts that the trial court treated her differently than others who appeared in the same court. Specifically, appellant argues that her personal "observations, during long hours spent waiting for her case to be heard," allowed her to "listen to all other cases." (Emphasis sic.) Again, however, there are no supporting facts or evidence in the record before this court to support appellant's allegations of disparate treatment.
 {¶ 8} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Municipal Court, Environmental Division, is hereby affirmed.
Judgment affirmed.
Bryant and French, JJ., concur.