OPINION
{¶ 1} Although this appeal was originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Roger Pringle, appeals pro se an Auglaize County Common Pleas Court decision denying a post-sentence motion to withdraw his guilty plea in conjunction with a violation of R.C. 4511.19(A)(1), operating a motor vehicle while intoxicated. With regard to Pringle's arguments concerning the trial court's denial of his motion to withdraw his plea, Pringle has failed to provide transcripts of the proceedings below, thus we have no choice but to assume the regularity of the proceedings below and affirm the decision of the trial court. Additionally, while Pringle asserts that the trial court erred in sentencing him to the maximum sentence, he did not timely appeal from the sentencing judgment entry; therefore, we must dismiss his claims in relation thereto. As such, we affirm the decision of the trial court.
 {¶ 3} In January 2001, Pringle was indicted for operating a motor vehicle while under the influence of alcohol, a fourth degree felony due to three prior convictions for driving while intoxicated. After a negotiated plea agreement, Pringle entered a guilty plea to the charge. Thereafter, Pringle was sentenced to five years of community control sanctions, including a residential sanction of twelve months incarceration at the Auglaize County Correctional Center. According to the sentencing journal entry, Pringle was notified that a violation of community control could result in the imposition of a thirty-month prison term of incarceration.
 {¶ 4} On November 15, 2002, the State moved to revoke the community control sanctions, alleging, inter alia, that Pringle had failed to report to his supervising officers, committed aggravated menacing, operated a motor vehicle while under the influence of alcohol, and failed to attend required AA meetings. After admitting to violating community control sanctions, the court sentenced Pringle to thirty-months incarceration on November 26, 2002. On March 31, 2003, Pringle moved to withdraw his original guilty plea for the underlying conviction, claiming that the plea was not knowingly and intelligently made, that the trial court erred in sentencing him to the maximum term of incarceration without complying with R.C. 2929.14(C), and that his counsel was ineffective. The trial court denied Pringle's motion on April 3, 2001.
 {¶ 5} From this decision, Pringle appeals, asserting four assignments for our review. For purposes of brevity and clarity, we have consolidated our review of the first, second, and fourth assigned errors.
 Assignment of Error I
The trial court below erred and abused its discretion in granting the State of Ohio's motion to dismiss and summary judgment in violation of Appellant's absolute right to procedural due process of law as guaranteed under Article I, Section 10, Ohio Constitution and theFourteenth Amendment, U.S. Constitution.
 Assignment of Error II
The trial court erred and abused its discretion in determining that the motion to withdraw guilty plea was insufficient on its face to allege grounds for relief and not ordering an evidentiary hearing in violation of Appellant's absolute right to procedural due process of law under the Ohio and United States Constitutions.
 Assignment of Error IV
It was prejudicial error and an abuse of discretion for the trial court not to order an evidentiary hearing in this case in violation of Appellant's absolute right to procedural due process of law as guaranteed under the Ohio and U.S. Constitution.
 {¶ 6} Pringle claims that the trial court erred both in not granting his motion to withdraw his guilty plea and in not affording him an evidentiary hearing on his motion to withdraw. Based upon the following, however, we affirm the decision of the trial court.
 {¶ 7} Under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases.[1] Accordingly, a trial court need not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea is allowed to stand.[2] The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court.[3]
Thus, an appellate court will not reverse the trial court's decision absent an abuse of discretion, which implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner.[4]
 {¶ 8} Additionally, a hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.[5] In other words, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal.[6]
 {¶ 9} In his motion to withdraw, Pringle alleges that his guilty plea was not knowingly and intelligently entered because the court failed to advise him or make a determination of whether the prior convictions for driving while intoxicated, which enhanced the current conviction to a fourth degree felony, were obtained without counsel and without waiver of counsel. Pringle further avers that his guilty plea was entered without effective assistance of counsel.
 {¶ 10} At the outset, we note that the record demonstrates that Pringle was represented by counsel at the time his previous convictions were obtained. Secondly, Pringle has failed to provide a transcript of the plea hearing in this matter. Both this court and the Ohio Supreme Court have noted that "[w]hen a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript."[7] App.R. 9 provides the procedure for making the transcript a part of the record. This rule also provides alternatives if a transcript is not available.[8] Thus, this Court "must presume the regularity of the trial court proceedings" in the absence of a complete and adequate record.[9] By failing to file a transcript, Pringle has not demonstrated his claimed errors. Accordingly, his first, second, and fourth assignments of error are overruled.
 Assignment of Error III
The trial court committed prejudicial error and abused its discretion in determining that the court complied with Ohio Revised Code §2929.14(C) in imposing the maximum sentence in violation of Appellant's absolute right to procedural due process of law as guaranteed by the Constitution of Ohio and the United States.
 {¶ 11} Pringle asserts that the trial court erred in sentencing him to the maximum term of incarceration for his underlying conviction. Initially we note that Pringle has failed to provide this court with a transcript of the sentencing hearing before the trial court. Additionally, Pringle was sentenced on November 26, 2002, and did not file an appeal from that judgment. Because Pringle failed to appeal his sentence within thirty days, as mandated by App.R. 4(A), his arguments in relation thereto are not properly before this court. Consequently, we must dismiss his third assignment of error.
 {¶ 12} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, P.J., and CUPP, J., concur.
[1] State v. Smith (1977), 49 Ohio St.2d 262, 264.
[2] Id. at paragraph one of the syllabus; State v. Xie (1992),62 Ohio St.3d 521, 525.
[3] State v. Northern, Allen App. No. 1-01-01, 2002-Ohio-6594, reversed on other grounds.
[4] State v. Pasturzak, Scioto App. 01CA2822, 2003-Ohio-1085, citingState v. Clark, 71 Ohio St.3d 466, 470, 1994-Ohio-43.
[5] State v. Legree (1988), 61 Ohio App.3d 568, 574, quoting State v.Blatnik (1984), 17 Ohio App.3d 201, 201.
[6] Id., citing State v. Milanovich (1975), 42 Ohio St.2d 46.
[7] State v. Wells, Seneca App. No. 13-02-17, 2002-Ohio-5318, ¶ 5, quoting Burrell v. Kassicieh (1998), 128 Ohio App.3d 226, 232;Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
[8] App.R. 9(C), (D).
[9] See, e.g., Sugar Creek Tp. Bd. of Trustees v. Crawford (Apr. 19, 2002), Allen App. No. 1-01-130, quoting Burrell,128 Ohio App.3d at 232.