OPINION
{¶ 1} Defendants-appellants Robert Dillow and Dorothy Dillow appeal from the February 7, 2006, Journal Entry of the Perry County Court of Common Pleas finding them in contempt and imposing monetary sanctions against them.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 7, 2002, appellee Board of Trustees of Thorn Township, Ohio filed a "Complaint for Preliminary and Permanent Injunctions and for Abatement of Nuisance" against appellants Robert and Dorothy Dillow in the Perry County Court of Common Pleas. Appellee, in its complaint, alleged that appellants parked, stored and kept inoperable, unlicensed or disabled vehicles on their property in violation of Township Zoning Regulation Section 26.03(D) of Article XXVI. Appellee further alleged that, pursuant to the Township Zoning Regulation, a zoning violation notice was issued to appellants on December 3, 2001, and that appellants had ignored appellee's demand and continued allowing junk vehicles to remain on their property. Appellee also alleged that the Trustees of Thorn Township had passed a resolution declaring a nuisance to exist on appellants' property.
 {¶ 3} Appellee, in its complaint, requested both a preliminary and permanent injunction enjoining appellants from "further acts, actions and activities relating to maintaining disabled, unlicensed, inoperable, dismantled, damaged and otherwise junk vehicles, trailers and trucks on said premises." Appellee also requested damages in the amount of $100.00 a day for each day appellants' violations continued in accordance with Thorn Zoning Regulation section 4.10.03 of Article IV.
 {¶ 4} Appellants were served with a copy of the complaint via certified mail on February 20, 2002. On or about March 27, 2002, appellant Robert Dillow filed a letter with the trial court indicating that he was in the process of selling the property and cleaning up the same and that, due to health problems, he needed an additional six (6) months to finish the job.
 {¶ 5} A statues conference was held on April 15, 2002. At the pretrial conference, the parties agreed to the issuance of a permanent injunction.
 {¶ 6} Subsequently, the trial court, pursuant to an Entry filed on May 15, 2002, stated as follows: "This case being inactive for want of pleadings, entry or other action, it is ORDERED that it be dismissed unless good cause be shown on or before May 27, 2002 why the same should not be done."
 {¶ 7} In response, appellee, on May 23, 2002, filed a response with the trial court which stated, in relevant part, as follows:
 {¶ 8} "In response to the Court's notice requesting that the Plaintiff show cause why the case should not be dismissed, Plaintiffs state that they have sent the letter and the enclosure which are attached hereto as Exhibit "A" and Exhibit "B" to the Defendants, Mr. Mrs. Dillow, in pursuance of the understandings and agreements that Plaintiffs perceive were reached at the status conference on April 15, 2002. Plaintiffs ask that the Court forebear on taking any action to dismiss this case until two weeks after the reply period provided for in the Plaintiffs letter to the Dillows"
 {¶ 9} Thereafter, the trial court issued an Entry on June 5, 2002, granting the permanent injunction. Such entry stated, in relevant part, as follows:
 {¶ 10} `I. PERMANENT INJUNCTION. On the matter of the permanent injunction, the Court hereby grants a combined preliminary and permanent injunction, the specific terms being as follows:
 {¶ 11} "1. Defendants are hereby ORDERED to refrain from violation of Article XXVI, Section 26.03 (D) of the Thorn Township Resolution, which reads in pertinent part as follows:
 {¶ 12} `The exterior parking or storage of inoperable or disabled pieces of equipment or vehicles for a period of time exceeding thirty (30) consecutive days, outside of an approved junk yard licensed and regulated pursuant to Sections 4737.05 through 4737.12 of the Ohio Revised Code, shall be prohibited.'
 {¶ 13} "2. Defendants and Plaintiffs have stipulated that the Defendants will within 180 days from the date that the Identification Notice as hereafter defined is given, remove from their properties all inoperable motor vehicles, all house trailer and mobile homes, and dispose of the same through a licensed junk yard, licensed scrap metal dealer, or other lawful means of disposal.
 {¶ 14} "3. Defendants and Plaintiffs have stipulated and agreed that the Defendants will within 150 days from the date that the Identification Notice as hereafter defined is given, remove from their properties all piles or accumulations of trash, automotive parts, scrap metal, scrap wood, tires, dead trees, or other refuse or debris which the Zoning Inspector identifies as contributing to the nuisance situation of Defendants' property.
 {¶ 15} "2. The Thorn Township Zoning Inspector may enter onto all on and [sic] any part of Defendants' property on Saturday, June 22, 2002, at or about 10:00 p.m., and/or at any other time after giving Defendants five days' [sic] advance written notice (to be deemed given when placed in ordinary United States Mail addressed to Defendants at their address, 10531 Zartman Rd., Thornville, Ohio 43076) to ascertain the number, locations and conditions of vehicles, trailer, refuse and debris on all and any part of Defendants' property. Defendants may demonstrate to the Zoning Inspector whether any motorized or formerly motorized vehicle has working ignition, transmission and is otherwise operable. The Zoning Inspector shall be permitted to take still photos and/or video of the property, the vehicles, trailers, refuse and debris and to take notes and make diagrams or drawings. All parties shall conduct themselves peaceably and civilly during any such viewing. Defendants will on request produce for copying by the Zoning Inspector any titles and/or registrations Defendants may possess for any such vehicle.
 {¶ 16} "3. The Plaintiffs through their Zoning Inspector or counsel will after inspection give a dated, written notice to the Defendants (the `Identification Notice'), identifying the vehicles, trailers, refuse and debris to be properly removed and disposed of to comply with Paragraphs 1 and 2 of this Entry. A general description of and statement of the location of each of the vehicles, trailers, and items, piles or clusters of refuse and debris to be removed shall be sufficient.Such notice shall be deemed given three days after the same is placed inthe U.S. Mail to Defendants at the address used for service of processin this case with delivery confirmation service, or on the actual day ofdelivery if such notice is delivered by hand to one or the other of theDefendants." (Emphasis added).
 {¶ 17} The entry further indicated that monetary sanctions or fines would be imposed if appellants failed to comply.
 {¶ 18} Thereafter, on October 5, 2005, appellee filed a motion seeking to hold appellants in contempt for violating the entry granting the permanent injunction and seeking monetary sanctions and fines. Appellee, in its motion, stated that the "Identification Notice" referred to in the trial court's June 5, 2002, Entry had been served upon appellants by the Thorn Township Zoning Inspector "more than 180 days ago" and that appellants had failed to remove within 180 days of such notice the items identified therein for removal.
 {¶ 19} A hearing on appellee's October 5, 2005 motion was held on January 11, 2006. Appellants were present at the hearing, but were not represented by counsel.
 {¶ 20} At the hearing, Dale Factor, the Thorn Township Zoning Inspector, testified that he inspected appellees' property on September 7, 2004 and then prepared a written document [the "Identification Notice"] notifying appellants of the items that were in violation of the zoning resolution. Factor testified that he attempted to serve the notice by certified mail, but that it came back undeliverable and was finally returned to him on October 1, 2004 as unclaimed. Factor then sent the notice by regular mail on October 12, 2004. The regular mail did not come back.
 {¶ 21} When asked if, since April 15, 2005, he had conducted a follow-up inspection, Factor testified that he did not conduct a formal inspection, but that "it's quite obvious that nothing has changed even — even from the road." Transcript at 11. Factor further testified that it did not appear that appellant had removed any of the items they were directed to remove.
 {¶ 22} At the hearing, appellant Robert Dillow testified that he kept putting off cleaning up the property because he thought that it was going to be sold. He admitted that neither he nor his wife had removed any of the items that the zoning inspector identified as needing to be removed, although he testified that other people had stolen cars off of the property.
 {¶ 23} Pursuant to a Journal Entry filed on February 7, 2006, the trial court found appellants in contempt and found that a $100.00 per day monetary sanction should be imposed against appellants "through the day of this hearing and for each day thereafter until they comply with the ORDER of this Court." The court entered judgment in favor of appellee and against appellants in the amount of $27,100.00 "plus One Hundred and NO/100 Dollars ($100.00) per day after January 11, 2006 until defendants comply with the ORDER of this Court."
 {¶ 24} Appellants now raise the following assignments of error on appeal:
 {¶ 25} "1. IT WAS PREJUDICIAL ERROR AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO FIND APPELLANTS WERE SERVED, ON OCTOBER 15, 2004, WITH THE ENTRY GRANTING PERMANENT INJUNCTION FILED JUNE 5, 2002.
 {¶ 26} "2. IT WAS PREJUDICIAL ERROR AND AGAINST MANIFEST WEIGHT OF THE EVIDENCE TO HOLD THAT APPELLANTS RECEIVED `IDENTIFICATION NOTICE' ON OCTOBER 15, 2004, AS APPELLANT HAD NOT AND HAVE NOT RECEIVED `IDENTIFICATION NOTICE' BY APPELLEE AND COULD NOT HAVE KNOWN WHAT APPELLEE IDENTIFIED FOR REMOVAL FROM APPELLANT'S PROPERTY.
 {¶ 27} "3. IT WAS PREJUDICIAL ERROR AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO FIND THAT APPELLANTS FAILED TO TAKE ACTION TO REMOVE ITEMS IDENTIFIED IN THE `IDENTIFICATION NOTICE' AS APPELLANTS HAVE NOT BEEN SERVED WITH `IDENTIFICATION NOTICE' OF THE ITEMS TO BE REMOVED FROM THEIR PROPERTY.
 {¶ 28} "4. IT WAS PREJUDICIAL ERROR AND AGAINST THE WEIGHT OF THE EVIDENCE TO FIND THAT THE 180 DAYS FOR COMPLIANCE WITH PREVIOUS ORDERS OF THE TRIAL COURT WAS ON APRIL 15, 2005 AS APPELLANTS HAD NOT AND HAVE NOT RECEIVED `IDENTIFICATION NOTICE' ON OCTOBER 15, 2004, THEREFORE, THE 180 DAYS HAS NOT BEGUN TO RUN AND APPELLANTS HAVE NO [SIC] FAILED TO COMPLY WITH PREVIOUS ORDERS OF THE TRIAL COURT.
 {¶ 29} "5. IT WAS PREJUDICIAL ERROR AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE TRIAL COURT TO IMPOSE MONETARY SANCTION AND DECREE A JUDGMENT IN FAVOR OF APPELLEE IN THE AMOUNT OF TWENTY-SVEN-THOUSAND-ONE-HUNDRED AND NO/100 DOLLARS ($27,100.00) WITH INTEREST AT THE RATE OF TEN PERCENT PER ANNUM (10%) AND ONE-HUNDRED AND NO/100 DOLLARS ($100.00) PER DAY AFTER JANUARY 11, 2006 AS APPELLEE HAS FAILED TO SERVE APPELLANTS WITH THE PERMANENT INJUNCTION AND `IDENTIFICATION NOTICE'".
 I, II, III, IV V {¶ 30} Appellant, in their five assignments of error, argue that the trial court's decision finding appellants in contempt of the trial court's June 5, 2002, Entry granting appellee a permanent Injunction was against the manifest weight of the evidence. We disagree.
 {¶ 31} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 32} Appellants, in the case sub judice, argue that they did not receive notice of the trial court's June 5, 2002 Entry granting a permanent injunction or the "Identification Notice" referred to in the same. With respect to the trial court's June 5, 2002 Entry, we note that appellants never argued at the January 11, 2006 hearing that they did not receive a copy of the same. It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." Dolan v. Dolan, Trumbull App. Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, at paragraph 7, citing Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43. We find that appellants, therefore, have waived review of this issue by failing to raise it at the trial level.
 {¶ 33} Appellants also maintain that they did not receive the "Identification Notice" referred to in the trial court's June 5, 2002, Entry. At the January 11, 2006 hearing, Dale Factor, the Thorn Township Zoning Inspector, testified that he conducted an inspection of appellants' property on September 7, 2004 and, after the inspection, prepared an "Identification Notice"[1] informing them of what needed to be removed from their property. Factor further testified that he mailed the same out certified mail to appellants, and that "[i]t was undeliverable on September 10th, 15th, and 25th; and it was finally returned to me on October 1st of '05 [sic] unclaimed." Transcript at 10. Factor further testified that he then sent the notice out by regular mail on October 12, 2004 and the regular mail did not come back to him. Appellants did not argue at the January 11, 2006 hearing that they did not receive the "Identification Notice."
 {¶ 34} The trial court, in its February 7, 2006 Journal Entry, found, based upon Factor's testimony, that appellants were served with the "Identification Notice" on October 15, 2004. We find that there was competent, credible evidence supporting the trial court's decision.
 {¶ 35} Contrary to appellants' assertion, we further find that there was competent credible evidence supporting the trial court's finding that appellants failed to remove the items identified in the "Identification Notice." At the hearing in this matter, appellant Robert Dillow testified that he kept putting off cleaning up the property in the belief that it would be sold. He further testified that neither he nor his wife had removed any of the items that the zoning inspector identified that needed removal, although he testified that other people had stolen cars from the property.
 {¶ 36} In short, we find that, based upon the evidence adduced at the hearing, there was competent, credible evidence that appellants were served with the "Identification Notice" and failed to comply with the same. There was competent, credible evidence, therefore, that appellants violated the June 5, 2002, Entry granting a Permanent Injunction and, therefore, it was proper for the trial court to impose $100.00 per day monetary sanctions against them as set forth in the Thorn Township Zoning ordinance.
 {¶ 37} Finally, while appellant raises numerous other arguments in his brief, these arguments were not separately assigned as error pursuant to App. R. 12 and 16. We, therefore, decline to review them.
 {¶ 38} Appellants' five assignments of error are, therefore, overruled.
 {¶ 39} Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.
By: Edwards, J., Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] The "Identification Notice" is dated September 7, 2004.