OPINION *Page 2 
{¶ 1} The plaintiff-appellant, Isabelle Price, appeals the judgment of the Hancock County Common Pleas Court, Domestic Relations Division, terminating the spousal support obligation of defendant-appellee, Walter Price.
 {¶ 2} The parties' final decree of divorce was issued by the Hancock County Common Pleas Court on April 27, 1987. In part, the decree ordered that Walter:
 Shall pay to the Plaintiff, Isabelle Price, as and for support alimony a sum equal to thirty-three and one-third percent (33-1/3%) of the payor's gross earned income which as used herein shall be that income he receives as an employee or through self-employment unreduced by any deferred compensation and/or retirement pickup less payor's FICA payments. Any asset which the court has ordered divided in the property settlement portion of this order shall not be considered income to the Defendant nor subject to this sustenance alimony order. * * * Said payments shall continue during the life of the payee, Isabelle Price, so long as she does not remarry or cohabit with a person of the opposite sex for more than six (6) months continuously, with the happening of either of the latter subjecting said award to modification by the Court. Payor's obligation to pay payee pursuant to the terms of this paragraph will end and payor will be released from the obligation of payment upon the death of either party; and in no event shall any such payments, or any substitutions therefore, in any form, be made after the payee's death. * * * This Court shall retain continuing jurisdiction of those matters involving the separate maintenance and support of the Plaintiff, Isabelle Price * * * .
(J. Entry, Jun. 4, 1986, at 7-8). *Page 3 
 {¶ 3} Walter was employed by Marathon Ashland Petroleum from the time of the divorce until January 15, 2005. At that time, Walter's employment was terminated. On February 23, 2005, Walter filed a motion to terminate his spousal support obligation, or in the alternative, to reduce the amount of the obligation. However, on July 11, 2005, he withdrew the alternative request to reduce the spousal support obligation. Isabelle retained counsel and opposed Walter's motion. Isabelle also filed a motion, requesting that the court simply change the source of funds from which Walter was directed to pay support.
 {¶ 4} The magistrate held an evidentiary hearing (the transcript of which is not part of the appellate record), and on December 8, 2005, the magistrate filed his decision. The magistrate found that Walter had sought employment, though he had not had any specific job offers; that Walter admitted being in arrears of approximately $13,500; that Walter was not collecting Social Security payments because he hoped to find new employment; that Walter had transferred his accrued benefits from Marathon into a 401(K) account rather than receive monthly benefit payments; and that Walter "currently has no earned income."
 {¶ 5} The magistrate also considered Isabelle's "amended motion for temporary and permanent order to withhold spousal support funds from Defendant's 401K at Marathon Ashland Petroleum or other available retirement benefits and for such other order as is necessary to modify the decree of divorce to *Page 4 
accomplish same." The magistrate noted that Isabelle's motion asked the court to change the source of the support payment from "earned income" to any other source of income in order to sustain the support payments in the same monthly amounts she had been previously receiving. The magistrate denied Isabelle's motion, noting that the original divorce decree prevented any asset, which had been subject to property division, from being considered in determining spousal support. The magistrate stated that Walter did not have any assets other than those that had been subject to the property distribution. As such, the magistrate determined he could not change the source of funds in order to sustain the support obligation.
 {¶ 6} Restricted to the original entry and the evidence of Walter's affairs, the magistrate found that Walter had "no assets from which to pay support, even if it were ordered." Accordingly, the magistrate reduced Walter's support payment to $0 (after finding that 33.33 times 0 equals 0) and retained jurisdiction to modify the amount when Walter began to earn income from employment or self-employment. However, the magistrate preserved the support arrearages and ordered Walter to make monthly payment of no less than $500 thereon.
 {¶ 7} Isabelle filed objections to the magistrate's decision, which the trial court overruled. The trial court then adopted the magistrate's decision and filed its final order, granting Walter's motion to terminate spousal support. Isabelle *Page 5 
appeals the judgment of the trial court and asserts a sole assignment of error for our review.
 Assignment of Error The trial court erred as a matter of law in terminating the lifetime award of spousal support when Appellant established an ongoing financial need for spousal support.
 {¶ 8} To support her assignment of error, Isabelle raises two arguments. First, she contends that the trial court did not consider her "need" for spousal support when it terminated Walter's obligation. We note that although the trial court "terminated" Walter's spousal support payment, it has in effect, merely modified the amount due to $0. SeeKimble v. Kimble, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273
(holding that the terms "modify" and "terminate" are synonymous for spousal support). We also note that both the magistrate and the trial court explicitly retained jurisdiction to modify the support obligation once Walter becomes reemployed.
 {¶ 9} We review a trial court's decision to modify spousal support for an abuse of discretion. Bostick v. Bostick, 3d Dist. No. 1-02-83, 2003-Ohio-5121, at ¶ 8, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144, 541 N.E.2d 1028. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore *Page 6 v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
 {¶ 10} Isabelle has stated that the General Assembly now requires courts to consider whether spousal support is "appropriate and necessary" rather than the obligee's "need" in determining spousal support obligations. As stated above, Isabelle has not provided this court with the transcript of the evidentiary hearing. App.R. 9(A). Therefore, we must presume regularity in the trial court's proceedings, or in this case, the magistrate's proceedings. Burrell v. Kassicieh
(1998), 128 Ohio App.3d 226, 232, 714 N.E.2d 442, citing Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. In the magistrate's decision, he noted that the "need of the Plaintiff is an important factor, [but] the ability of the Defendant to pay an award is also important." (Mag. Dec, Dec. 8, 2005, at ¶ 16). Although the magistrate did not make specific findings concerning Isabelle's need for spousal support, he clearly gave it some consideration. However, her need was outweighed by Walter's inability to pay, and the magistrate determined that Walter had no assets or earned income from which to pay the obligation. (Id. at ¶ 4, 15, 16). Presuming regularity in the proceedings of the trial court, we cannot find that the trial court failed to consider Isabelle's need for spousal support, and therefore, we cannot find that the trial court abused its *Page 7 
discretion when it modified Walter's obligation to $0, subject to future modification.
 {¶ 11} Isabelle also raised a second argument under her sole assignment of error in which she argued that the trial court should have granted the motion she filed seeking to change the source of funds from which Walter was required to pay support. This argument clearly addresses the trial court's denial of her motion to change the source of funds from which Walter was required to pay support. However, Isabelle's specific assignment of error addresses alleged error only on Walter's motion to terminate support and does not relate to her separate motion. Isabelle has not filed a separate assignment of error to which this argument would apply. As such, we decline to address the second argument. App.R. 12; 16. See also Bd. of Trustees Thorn Township v.Dillow, 5th Dist. No. 2006-CA-7, 2006-Ohio-6888, at ¶ 37; Fisk Alloy Wire, Inc. v. Hemsath, 6th No. L-05-1097, 2005-Ohio-7007, at ¶ 72; State v. Peoples, 2nd
Dist. No. 2005CA20, 2006-Ohio-4162, at ¶ 24 (holding that the court may decline to address arguments not assigned as error pursuant to App.R. 12 and 16). The sole assignment of error is overruled. *Page 8 
 {¶ 12} The judgment of the Hancock County Common Pleas Court is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur. *Page 1