[Cite as *Try Auto Sales, Inc. v. Danal*, 2011-Ohio-3391.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95927**

## TRY AUTO SALES INC., ET AL.

PLAINTIFFS-APPELLANTS

vs.

## ABE DANAL, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-650718

**BEFORE:** Cooney, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 7, 2011

**ATTORNEYS FOR APPELLANTS**

Derek M. Baumgartner
Douglas A. Dimond
All Erection & Crane Legal Dept.
4700 Acorn Drive
Cleveland, Ohio 44131

David M. Gareau
Michael R. Gareau & Assoc. Co., LPA
23823 Lorain Road, Suite 200
North Olmsted, Ohio 44070

**FOR APPELLEES**

**For Abe Danal, et al.**

Abe Danal, et al.
2686 Lisbon Road
Cleveland, Ohio 44104

Abe Danal, et al.
1326 West 105 St.
Cleveland, Ohio 44102

**For C-Town Transportation, Inc. and Y.A.M. Investors LLC**

Abe Danial
Statutory Agent
1326 West 115th Street
Cleveland, Ohio 44102

COLLEEN CONWAY COONEY, J.:

{¶ 1}   Plaintiffs-appellants, Try Auto Sales, Inc. ("TAS"), appeals the trial court's directed verdict in favor of defendants-appellees, Abe Danal,[1] et al. ("defendants").   Finding no merit to the appeal, we affirm.

{¶ 2}   In 2008, TAS filed a complaint against defendants, claiming breach of contract, negligence, slander, and unjust enrichment.   TAS alleged   that it was hired by defendants to haul an excavator from New Jersey to Cleveland.   Defendants informed TAS of the size of the excavator, and TAS then quoted the defendants an estimated cost.   The cost was mutually agreed upon.   However, upon arrival in New Jersey, TAS discovered the excavator was larger than expected.   A new price was quoted to the defendants for the cost to transport the excavator.   TAS alleged that defendants agreed to the higher price and delivered a check in payment once the excavator was delivered.   However, payment on the check was stopped prior to TAS depositing it in its account.

{¶ 3}   The case proceeded to a bench trial in March 2009.   The trial court entered a directed verdict in favor of defendants C-Town Transportation, Abe Danal, and Mrs. Danal, in regard to the claims of slander, gross negligence, and negligence.   TAS appealed the directed

---

[1]   Also known as Abe Danial, Abdelmesh Danial, or Abdelmeseeh Danial.

verdict, but this court sua sponte dismissed the appeal in January 2010 per R.C. 2505.02, because there were unresolved claims pending in the lower court.[2]

{¶ 4} The trial court then entered a nunc pro tunc entry in September 2010, adding to the original judgment the following new language:

{¶ 5} "Additionally, directed verdict granted at trial as to all claims against defendants C-Town Transportation, Abe Danal a.k.a. Abe Danial a.k.a. Abdelmesh Danial and Mrs. Danal. Plaintiffs' remaining claims against the sole remaining defendant, Y.A.M. Investors, LLC were heard and submitted at the conclusion of trial. Judgment in favor of defendant Y.A.M. Investors, LLC on all remaining causes of action in plaintiffs' complaint. Final."

{¶ 6} TAS now appeals, raising five assignments of error, three of which address manifest weight of the evidence.[3]

{¶ 7} As a threshold matter, we first address TAS's failure to file the trial transcript for our review on appeal. It is well established that:

{¶ 8} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355.

---

[2] The first appeal was designated Appeal No. 93148.

[3] The assignments of error are set forth in the appendix.

This principle is recognized in App.R. 9(B), which provides, in part, '* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.'" *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶ 9} It follows that "[i]n the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." *Burrell v. Kassicieh* (1998), 128 Ohio App.3d 226, 714 N.E.2d 442.

{¶ 10} Without the transcript, we must defer to the trial court's findings and judgment. See *J. Norman Stark Co., L.P.A. v. Dahl* (Oct. 19, 2000), Cuyahoga App. No. 77857. Without the transcript, we are unable to determine whether the trial court ruled for Y.A.M. Investors at the conclusion of trial and stated its reasons on the record. Therefore, we cannot address the merits of any of the five assignments of error. Accordingly, we must presume the validity and regularity of the trial court proceedings and affirm the trial court's judgment. *In re Guardianship of Muehrcke*, Cuyahoga App. Nos. 85087 and 85183, 2005-Ohio-2627.

{¶ 11} The five assignments of error are overruled.

Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, P.J., CONCURS;

LARRY A. JONES, J., DISSENTS WITH SEPARATE OPINION ATTACHED

LARRY A. JONES, J., DISSENTING:

{¶ 12} Respectfully, I dissent.

{¶ 13} Plaintiffs-appellants, Try Auto Sales, Inc. and All Erection & Crane Rental Corporation, filed this action against defendants-appellees, Abe Danal DBA Y.A.M. Investors, LLC, Abe Danal, Abe Danal DBA C-Town Transportation, Inc., and Mrs. Abe Danal. Mrs. Danal was added as a new party-defendant on plaintiffs' motion. The new party-defendant answered in the name of Rhonda Tenant, and claimed that she was incorrectly named by the plaintiffs as Mrs. Danal. Tenant alleged that she was unmarried. She did not state what her relation to the case was. Plaintiffs' motion to strike her answer was denied.

{¶ 14} The complaint was titled "complaint for money damages only," and presented the following claims for relief: (1) bad check; (2) action on an account; (3) breach of contract; (4) unjust enrichment; (5) failure to pay an individual invoice; (6) civil slander; (7) creditor's right to a judicial remedy; (8) negligence; (9) gross negligence; (10) proximate cause; and (11) like acts. The complaint also requested that the court grant a permanent restraining order against the defendants, restraining them from "discussing any untrue or non-existent contract or contracts with anyone; or trying to use untrue or non-existent contracts as a set-off related [to] any invoices for work completed by either of the Plaintiff companies." The plaintiffs also filed a motion to pierce the corporate veil so that they could proceed against Abe Danal in his individual capacity.

{¶ 15} The case proceeded to a bench trial. At the conclusion of the trial, the court denied the plaintiffs' motion to pierce the corporate veil and directed a verdict as to the civil slander, gross negligence, and negligence claims. The court further directed a verdict as to the claims against C-Town Transportation, Abe Danal, and Mrs. Danal. The court did not expound on the record its reasons for its ruling. The court stated that it would issue a ruling as to the remaining defendant Abe Danal DBA Y.A.M. Investors, LLC. The following day, the trial court issued a judgment stating the following:

> "Directed verdict as to Defts C-Town Transportation, Abe Danal and Mrs. Danal. Directed verdict as to the claims of civil slander, gross negligence and negligence.

Motion to pierce the corporate veil filed 02/12/09 is denied. Judgment for the deft. Costs to pltf. Final."

{¶ 16} The plaintiffs filed a motion for findings of fact and conclusions of law, which the trial court denied as untimely.

{¶ 17} The plaintiffs appealed;[4] the trial transcript was filed with this court on May 26, 2009. In January 2010, this court sua sponte dismissed the appeal because it appeared that claims were still pending in the trial court.

{¶ 18} On remand, the trial court issued a nunc pro tunc entry "as of and for" the court's previous judgment. The entry read:

"Plaintiffs' motion for permanent restraining order was denied on 7/9/2008. Trial conducted. Plaintiffs' motion to pierce the corporate veil was denied at trial. Directed verdict granted at trial as to all defendants on plaintiffs' claims of civil slander, gross negligence and negligence. Additionally, directed verdict granted at trial as to all claims against defendants C-Town Transportation, Abe Danal a.k.a. Abe Danial a.k.a. Abdelmesh Danial and Mrs. Danal. Plaintiffs' remaining claims against the sole remaining defendant, Y.A.M. Investors, LLC were heard and submitted at the conclusion of trial. Judgment in favor of defendant Y.A.M. Investors, LLC on all remaining causes of action in plaintiffs' complaint. Final."

---

[4]Appeal No. 93148.

{¶ 19} The plaintiffs filed another motion for findings of fact and conclusions of law, which was denied.

{¶ 20} The plaintiffs filed this appeal. In doing so, they failed to motion this court to transfer the previously filed transcript to this appeal. Because of the lack of transcript in this appeal, the majority overrules the plaintiffs' assignments of error and presumes the regularity of the proceedings. Although I agree with the majority that it was the plaintiffs' responsibility under App.R. 9 to ensure that the record before us was complete, in the interests of justice, I would sua sponte transfer the transcript from the first appeal into this appeal. And after reviewing the transcript, I would partially reverse the trial court's judgment.

{¶ 21} Four witnesses testified at trial for the plaintiffs and established the following. All Erection & Crane Rental Corporation was hired by Y.A.M. Investors, LLC to transport an excavating machine from New Jersey to Cleveland. Y.A.M. provided All Erection & Crane Rental the machine's measurements, and based on Y.A.M.'s representation, All Erection & Crane Rental quoted the service at $4,000. Y.A.M. agreed to the price.

{¶ 22} Upon arriving in New Jersey, the All Erection & Crane Rental driver determined that the machine was larger than had been represented by Y.A.M. All Erection & Crane Rental contacted a Y.A.M. representative and told him that in order to transport the machine it would have to charge $6,250, rather than the previously agreed upon $4,000. An All Erection & Crane Rental representative explained that it had obtained permits to transfer

the machinery based on Y.A.M.'s representations about its size and when it discovered that the machine was larger, it had to get new or amended permits. All Erection & Crane Rental also incurred additional fees getting an "escort vehicle" because the machine was an "oversized load," and had to travel a longer route than originally planned.

{¶ 23} Y.A.M. unsuccessfully attempted to negotiate a lower price, and eventually agreed to the $6,250 charge. The machine was transported to Cleveland, and upon delivery, Abe Danal gave a $6,250 check to All Erection & Crane Rental's driver. Y.A.M. stopped payment on the check, however, and All Erection & Crane Rental was never paid for the transport of the machine.

{¶ 24} The defense did not present any witnesses. The defense established through cross-examination of All Erection & Crane Rental's driver that the machine was transported in January when there was snow on the roadways and it did not have a protective covering. The defense argued that it issued the stop payment order because the machine was damaged due to the lack of protection.

{¶ 25} An appellate court reviews de novo a trial court's decision to grant a directed verdict. See *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶3. Civ.R. 50(A)(4) provides that a trial court shall sustain a properly made motion for directed verdict when "after construing the evidence most strongly in favor of the party against whom the motion is directed, [the trial court] finds that

upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." In making this determination, the court is to discern only whether there exists any evidence of substantive probative value that favors the position of the nonmoving party. *Goodyear* at ¶3.

{¶ 26} A motion for directed verdict presents a question of law, and the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing the motion. *Cater v. Cleveland*, 83 Ohio St.3d 24, 33, 1998-Ohio-421, 697 N.E.2d 610. "The motion for directed verdict must be denied 'if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions.'" Id., quoting *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 115, 363 N.E.2d 367.

{¶ 27} No testimony was presented that would have supported plaintiffs' claims of civil slander, gross negligence, and negligence against any of the defendants and the directed verdict on those claims was therefore proper. Further, no testimony was presented relative to Mrs. Danal and the directed verdict on the claims against her was proper.[5] Additionally, no

---

[5]Technically Mrs. Danal never appeared in the action. After the plaintiffs were granted leave to bring her in as a new-party defendant, Rhonda Tenant filed an answer wherein she alleged that she was misdesignated by the plaintiffs as Mrs. Danal. No testimony was presented about either Rhonda Tenant or Mrs. Danal. I would instruct the trial court on remand to dismiss Tenant from this action.

testimony was presented that would have supported a judgment against Abe Danal in an individual capacity and therefore the directed verdict on the claims against him was proper.

{¶ 28} Proximate cause and like acts are not claims for relief and, therefore, the trial court properly directed a verdict on them. I believe that the remaining claims (bad check, action on an account, breach of contract, unjust enrichment, failure to pay an individual invoice, and creditor's right to a judicial remedy) were more appropriately a single claim for breach of contract.

{¶ 29} Reviewing the evidence in light of a breach of contract claim, I would find that substantial competent evidence was presented upon which reasonable minds might reach different conclusions as to whether C-Town Transportation breached a contract with All Erection & Crane Rental. In particular, the check for the delivery of the machine was issued by C-Town Transportation.

{¶ 30} Further, I would reverse the court's judgment (not a directed verdict) in favor of Y.A.M. Investors. In a civil case, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a

legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273

{¶ 31} The Ohio Supreme Court has also recognized that when reviewing a judgment under a manifest-weight-of-the-evidence standard, the reviewing court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal* at 80-81. This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80.

{¶ 32} Here, the court did not make any findings. The record demonstrates that Y.A.M. agreed to pay All Erection & Crane Rental $6,250 for the transport of the machine from New Jersey to Cleveland. A check was issued upon delivery of the machine, but payment was stopped. Counsel's argument that payment was stopped because the machine was damaged by the lack of protective covering during transport is just that — argument; it is not evidence.

{¶ 33} Accordingly, on this record, I would find that the judgment in favor of Y.A.M. Investors was against the manifest weight of the evidence. I would further find that the directed verdict in favor of C-Town Transportation was not supported by the evidence. I

would remand the case to the trial court for further proceedings to determine which party,

C-Town Transportation, Y.A.M. Investors, or both, is responsible for the breach of contract.

APPENDIX

"1.     THE TRIAL COURT ERRED IN ISSUING ITS NUNC PRO TUNC ENTRY DATED SEPTEMBER 28, 2010.

"2.     THE TRIAL COURT ERRED IN DENYING PLAINTIFFS-APPELLANTS' [sic] TRY AUTO SALES AND ALL ERECTION & CRANE RENTAL CORP.'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.

"3.     THE TRIAL COURT'S JUDGMENT IN FAVOR OF DEFENDANT Y.A.M. INVESTORS, LLC ON PLAINTIFF ALL ERECTION & CRANE RENTAL CORP.'S BREACH OF CONTRACT CLAIM IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD THEREFORE BE REVERSED.

"4.     THE TRIAL COURT'S JUDGMENT IN FAVOR OF DEFENDANT Y.A.M. INVESTORS, LLC ON PLAINTIFFS' UNJUST ENRICHMENT CLAIM IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD THEREFORE BE REVERSED.

"5.     THE TRIAL COURT'S 'DIRECTED VERDICT' IN FAVOR OF DEFENDANT C-TOWN TRANSPORTATION, LLC ON ALL ERECTION & CRANE RENTAL'S UNJUST ENRICHMENT CLAIM IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD THEREFORE BE REVERSED."