[Cite as *Black v. St. Marys Police Dept.*, 2011-Ohio-6697.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MERCER COUNTY

CHARLES BLACK,

    PLAINITFF-APPELLANT,               CASE NO.  10-11-11

    v.

ST. MARYS POLICE DEPT., ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Mercer County Common Pleas Court
Trial Court No. 09-CIV-1174

**Judgment Affirmed**

Date of Decision:   December 27, 2011

APPEARANCES:

    *Charles Black,* **Appellant**

    *Lynette Dinkler and Kraig E. Noble*  **for Appellees**

**SHAW, J.**

{¶1} Plaintiff-appellant, Charles Black ("Black"), appeals the April 29, 2011 judgment of the Mercer County Court of Common Pleas, Civil Division, granting defendants-appellees,' St. Marys Police Department, et al. (collectively referred to as "St. Marys"), motion for sanctions and awarding St. Marys $36,502 for attorney fees it incurred as a result of a lawsuit filed by Black, which named St. Marys as the defendants.

{¶2} On March 5, 2009, Black's daughter, Stephanie, was arrested for OVI by Officer Kennedy of the St. Marys Police Department. On June 18, 2009, an Auglaize County Assistant Prosecutor requested that Officer Kennedy serve upon Stephanie a newly issued citation for physical control. The next day, Officer Kennedy contacted Stephanie who initially agreed to pick up the citation at the St. Marys Police Department. However, Stephanie failed to do so and it was later learned that her parents instructed her not to pick up the citation.

{¶3} On June 20, 2009, Officer Kennedy attempted to serve the citation on Stephanie at Black's property. Black confronted Officer Kennedy, asked him to leave, and threatened to physically remove him from the property. Officer Kennedy returned to his cruiser, which was parked in Black's driveway, and called the Mercer County Sheriff's Office for back-up.

{¶4} Staying true to his threat, Black went to his barn, retrieved his ten-ton backhoe, and drove it towards Officer Kennedy's cruiser. Officer Kennedy retreated from the driveway, parked his cruiser on the street, and waited for his back-up. Black then parked the backhoe as a barricade across his driveway. Once a deputy from the Mercer County Sheriff's Office arrived, Black was given a choice to either let the citation be served on his daughter, or a warrant would be issued for her arrest. Black eventually permitted his daughter to be served.

{¶5} In June 2009, Black filed a complaint against St. Marys alleging sixteen causes of action and requesting $10,000,000 in damages.[1] The trial court granted summary judgment in favor of St. Marys and dismissed Black's complaint due to the fact that St. Marys' defense of immunity barred all his claims. Black appealed, and this Court affirmed the judgment of the trial court on October 4, 2010.

{¶6} On November 5, 2010, St. Marys filed a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. In its motion, St. Marys argued that Civ.R. 11 and R.C. 2323.51 collectively permit the trial court to award St. Marys the costs, expenses, and attorney fees arising from Black's frivolous conduct of filing a

---

[1] Black's complaint alleged the following claims: "trespass to property," "negligence," "harassment," "slander," "conspiracy," "disorderly conduct," "breach of confidence," "breach of close with a deadly weapon," "breach of duty," "coercion," "assault," "malice," "inciting violence," "malfeasance," "malicious abuse of legal process," and "invasion of privacy."

lawsuit with sixteen meritless claims and a subsequent appeal, which were neither supported by evidence nor warranted by existing law.

{¶7} On November 15, 2010, Black filed a response to St. Marys' motion for sanctions and a cross-motion for sanctions pursuant to Civ.R. 11, alleging that counsel for St. Marys made false statements in court.

{¶8} On January 24, 2011, the trial court conducted a final pretrial.

{¶9} On February 11, 2011, the trial court held an evidentiary hearing on the parties' respective motions for sanctions. St. Marys presented the testimony of three witnesses and admitted exhibits, which included letters, invoices, pleadings/filings and transcripts related to its defense in the civil lawsuit filed by Black. At the evidentiary hearing, Black presented no evidence, either in defense to St. Marys' motion for sanctions or in support of his cross-motion for sanctions. On April 29, 2011, the trial court entered its decision finding Black's motion for sanctions without merit and concluding the following:

> **Based upon the evidence presented at the hearing held pursuant to R.C. 2323.51 it appears that none of Mr. Black's claims are warranted under existing law nor can they be supported by any good faith argument, though none was made, for the establishment of new law. Therefore, the court concludes that in pursuing this matter through the filing of the complaint with the allegations contained therein, Mr. Black violated the provisions of R.C. 2323.51.**
>
> **However, although Mr. Black signed the complaint initiating this matter, the substance of which was not warranted under**

**existing law and cannot be supported by any good faith argument for the establishment of new law, nothing in the record of this case establishes by a preponderance of the evidence that Mr. Black willfully violated Civ.R. 11. The City of St. Marys presented no evidence that Mr. Black knew that the defense of immunity was a complete bar to his claims.**

**Nevertheless, since Mr. Black, as a pro se litigant, is bound by the same rules and procedures as a litigant represented by counsel and, as his own attorney, is held to the same standard as a person licensed to practice law in the State of Ohio, the court concludes that his conduct in initiating this action and pursuing it in the manner that he did was frivolous under R.C. 2323.51 and subjects him to paying the defendants' costs, expenses, and attorney fees incurred and necessitated by them as a result of that frivolous conduct.**

**In their presentation at the evidentiary hearing, the City of St. Marys presented a claim for attorney fees in the amount of $36,502. The evidence established that the services rendered as set forth in the invoices were reasonable and that the charges therefor were appropriate and likewise reasonable. The court notes that courts costs in this matter have already been assessed against Mr. Black, at least those issued through the appellate proceedings.**

**Based on the foregoing, the court hereby awards judgment in favor of the City of St. Marys and against Charles Black in the sum of $36,502, as and for attorney fees incurred by the City of St. Marys in the defense of the named defendants, the St. Marys Police Department and Officer Kennedy.**

(JE, April 29, 2011 at 9-10).

{¶10} Black subsequently appealed the decision of the trial court, asserting the following assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANTS [SIC] REQUEST FOR SANCTIONS. THE TRIAL COURT ABUSED ITS DISCRETION BY PARTICIPATING IN AN EX-PARTE PHONE CONFERENCE WITH [APPELLEES' COUNSEL].[2]**

{¶11} At the outset, we note that in reviewing an assigned error on appeal, we are confined to the record that was before the trial court as defined in App.R. 9(A). The appellant bears the burden of demonstrating error by reference to the record of the trial court proceedings, and it is the appellant's duty to provide the reviewing court with an adequate transcript. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; see App.R. 9(B).

{¶12} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199. Thus, we are limited in our review of these issues and must presume the regularity of the trial court proceedings in the absence of evidence to the contrary. *Burrell v. Kassicieh*, 128 Ohio App.3d 226, 232, 714 N.E.2d 442.

{¶13} Here, Black failed to file a transcript of the trial court proceedings addressing St. Marys' motion for sanctions. This transcript is necessary for our

---

[2] Even though Black essentially raises two assignments of error, he chose to brief them as a single assignment of error. Therefore, we will address the issues raised as one assignment of error.

resolution of Black's assignment of error alleging that the trial court abused its discretion in granting St. Marys' motion for sanctions. Therefore, we have no choice but to presume the regularity of the trial court proceedings. In particular, we must presume that the trial court conducted an evidentiary hearing and gave Black a full opportunity to be heard and present his defenses to St. Marys' motion for sanctions. Without the necessary portions of the transcripts before us, we must also presume that the trial court's decision to grant St. Marys' motion for sanctions and to award St. Marys $36,502 in attorney fees was supported by the evidence presented at the evidentiary hearing.

{¶14} In this assignment of error, Black also claims that the trial court abused its discretion by participating in an *ex-parte* telephone conference with St. Marys' counsel. In making this argument, Black fails to cite to any authority or to any portion of the record as support, but simply alleges that St. Marys' counsel knew in advance that he would not be available for this scheduled phone conference, which enabled her to persuade the trial court to quash a subpoena for one of his potential witnesses at the evidentiary hearing. Pursuant to App.R. 16(A)(7), we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority. Accordingly, it is well within our discretion to disregard Black's claim under this assignment of error. See App.R. 12(A)(2).

{¶15} Notwithstanding this fact, the record reveals that in the judgment entry quashing Black's subpoena for this particular witness, the trial court found that Black was given ample notice of this telephone conference. Moreover, the trial court further explained, in its judgment entry quashing the subpoena, that the issue of whether Black could call this witness in support of his case was heard and resolved on the record at the final pretrial on January 24, 2011.[3] At this time, the trial court instructed Black on the record that he would not be permitted to call this witness "because her role as a claims representative will not aid the court in determining whether [Black] engaged in frivolous conduct, and whether the defense of this case was reasonable and necessary." (JE, Feb. 7, 2011 at 2). Again, Black neglected to file the transcript of the January 24, 2011 final pretrial proceedings. Therefore, absent evidence to the contrary, we must presume the regularity of the trial court proceedings in quashing Black's subpoena for this witness.

---

[3] The record indicates that Black sought to call as a witness Laurie Boyce, a claims representative for the Ohio Government Risk Management Pool. Revised Code Section 2744.081 permits a political subdivision, such as the City of St. Marys, to "join with other political subdivisions in establishing and maintaining a joint self-insurance pool to provide for the payment of judgments, settlement of claims, expense, loss, and damage that arises, or is claimed to have arisen, from an act or omission of the political subdivision or any of its employees in connection with a governmental or proprietary function and to indemnify or hold harmless the subdivision's employees against such loss or damage."

{¶16} Based on the foregoing, the judgment of the Mercer County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**