[Cite as *State v. Welling*, 2023-Ohio-3214.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  15-23-05

    v.

COLLEEN M. WELLING,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert Municipal Court
Trial Court No.  TRD2203009

Judgment Affirmed

Date of Decision:  September 11, 2023

APPEARANCES:

    *Colleen M. Welling,* Appellant

    *John E. Hatcher* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Colleen M. Welling ("Welling"), appeals the February 10, 2023 judgment of conviction and sentence entered against her in the Van Wert Municipal Court, following a jury trial in which Welling was found guilty of Driving Under Suspension. On appeal, Welling seems to assert that her conviction was not supported by sufficient evidence and/or was against the manifest weight of the evidence. For the reasons that follow, we affirm.

*Procedural History*

{¶2} The record reflects that on September 17, 2022, Welling was charged with Driving Under Suspension, a first-degree misdemeanor in violation of R.C. 4510.11(A), and with a Driving in Marked Lanes violation, a minor misdemeanor in violation of R.C. 4511.33(A)(1).

{¶3} On February 10, 2023, a jury trial was held on the driving under suspension charge, with the trial court having granted a prosecution motion to dismiss the marked lanes violation. The jury returned a verdict finding Welling guilty of Driving Under Suspension as charged. The trial court imposed a $100.00 fine and ordered Welling to pay court costs.

{¶4} On March 8, 2023, Welling filed the instant appeal. Welling raises two assignments of error for our review, which we shall jointly address.

**First Assignment of Error**

**Whether appellant was traveling in interstate commerce when she was charged with driving without a license in Ohio?**

**Second Assignment of Error**

**Whether the grand jury [*sic*] erred when they found her guilty of driving without a license?**

**{¶5}** With regard to the claims being raised in this appeal, we note first that Welling's assignments of error reference her being charged with and found guilty of "driving without a license", which is a violation of R.C. 4510.12. However, in this case, Welling was charged with, and convicted of, a violation of R.C. 4510.11(A), which is a different offense. More importantly, Welling sets forth no standard(s) of review in her merit brief, nor does she present any legal authority in support of her claims.

**{¶6}** "'[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal.'" *State v. Costell,* 3d Dist. Union No. 14–15–11, 2016-Ohio-3386, ¶ 86, quoting *State v. Stelzer,* 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7. If an argument exists that can support an assignment of error, it is not this Court's duty to root it out. *State v. Shanklin,* 3d Dist. Union No. 14–13–23, 2014-Ohio-5624, ¶ 31, citing *State v. Raber,* 189 Ohio App.3d 396, 2010-Ohio-4066, ¶ 30 (9th Dist.).

{¶7} App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 16(A)(7) requires that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶8} As we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority pursuant to those appellate rules, we will not address Welling's claims in this case.[1] *See Black v. St. Marys Police Dept.*, 3d Dist. Mercer No. 10-11-11, 2011-Ohio-6697, ¶ 14. *See also Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 169, 658 N.E.2d 1109 (3d Dist. 1995).

{¶9} Moreover, even if we were inclined to search the record for evidence in support of Welling's claims of error, we are not able to do so, as Welling has failed to present this court with a transcript of the trial. Absent the transcript, we are unable to review the testimony and other evidence presented at trial and are unable to

---

[1]While we decline to address Welling's claims on appeal for the reason stated, we do note that she concedes in her merit brief that the evidence at trial showed she was driving a vehicle on a public road in Ohio without a valid driver's license at the time she was stopped and cited by the police.

review any legal defenses or other claims that may have been raised at trial by Welling.

{¶10} "[W]hen a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript." *State v. Wells*, 3d Dist. Seneca No. 13-02-17, 2002-Ohio-5318, ¶ 5. *See also* App.R. 9. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, a court has nothing to pass upon and, thus, the court must presume the validity of the lower court's proceedings and affirm. *City of Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist. 1987), paragraph two of the syllabus. In failing to ensure that a transcript is filed, an appellant fails to establish any alleged errors that depend upon the absent transcript for substantiation. *State v. Pringle*, 3d Dist. Auglaize No. 2-03-12, 2003-Ohio-4235, ¶ 10. In the instant appeal, as Welling failed to include a transcript of the trial proceedings as part of the record, we must also affirm her conviction.[2]

{¶11} For all the reasons set forth above, the two assignments of error are overruled.

---

[2] The record does reflect that, following her conviction but prior to filing a notice of appeal, Welling filed an untitled demand in the trial court for copies of transcripts and audio recordings of all hearings. (Docket No. 26). It appears that this was treated as a public records request by the trial court and that Welling was provided only with audio recordings of the various proceedings. (Docket No. 27). Regardless, it is ultimately Welling's responsibility, as the appellant here, to ensure that a trial transcript is included in the record on appeal.

**{¶12}** Having found no error prejudicial to the defendant-appellant, Colleen Welling, in the particulars assigned and argued, the judgment of the Van Wert Municipal Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**